UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROYAL SLEEP PRODUCTS, INC., a Florida Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>RESTONIC CORPORATION, an Illinois Corporation, RESTONIC MATTRESS CORPORATION, an Illinois Corporation, SLEEP ALLIANCE, LLC, a Delaware Limited Liability Company, ROYAL BEDDING COMPANY OF BUFFALO, a New York Corporation, JACKSON MATTRESS CO. LLC, a North Carolina Limited Liability Company, CONTINENTAL SILVERLINE PRODUCTS L.P., a Texas Limited Partnership, STEVENS MATTRESS MANUFACTURING CO., a North Dakota Corporation, TOM COMER, JR., an individual, DREW ROBINS, an individual, and RICHARD STEVENS, an individual,<br><br>    Defendants. | CIVIL ACTION NO. 1:07-CV-06588 |

**DEFENDANTS CONTINENTAL SILVERLINE AND DREW ROBINS'
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants Continental Silverline Products L.P. ("Continental Silverline") and Drew Robins ("Mr. Robins") present this Memorandum of Law in support of their Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

**I**
**Introduction**

Plaintiff, Royal Sleep Products, Inc. ("Royal Sleep Products") asserts 5 of its 11 claims in its Complaint against Continental Silverline and Mr. Robins.  Count II alleges a breach of fiduciary duty of loyalty.  Count III alleges aiding and abetting breach of fiduciary duty of loyalty.  Count V alleges tortious interference with prospective economic advantage with Lady Americana.  Count VII alleges tortious interference with prospective economic advantage with Mattress Giant.  Count IX alleges tortious interference with the sublicense agreement between Royal Sleep Products and Restonic Mattress Corporation.

Defendants Continental Silverline and Mr. Robins seek dismissal of all claims against them.  Personal jurisdiction over the defendants is not present in this Court, and they are not subject to general or specific jurisdiction in this forum under traditional due process principles.  Accordingly, the above defendants should be dismissed from this lawsuit.

**II**
**Statement of Facts**

**A.     Mr. Robins Never Had Even De Minimus Contacts with the State of Illinois**

Mr. Robins is, and was at all times relevant to Royal Sleep Products' claims, an owner and principal partner of Continental Silverline.  (see Mr. Robins Affidavit at ¶ 2).  Throughout all relevant times in the complaint, Mr. Robins maintained his office at 710 North Drennan Street, Houston, Texas  77003, and still has his office at this address.  (see Mr. Robins Affidavit at ¶ 3). Mr. Robins never traveled to Illinois to sell mattresses or conduct any business in Illinois for Continental Silverline or himself.  (see Mr. Robins Affidavit at ¶¶ 4, 9, 10).  Mr. Robins never traveled to Illinois for meetings to sell mattresses in Illinois.  (see Mr. Robins Affidavit at ¶ 9).  Throughout all relevant times in the complaint, Mr. Robins has never maintained an office

or place of business in Illinois. (see Mr. Robins Affidavit at ¶ 3). Mr. Robins has never been a resident or citizen of Illinois at all relevant times. (see Mr. Robins Affidavit at ¶ 1). Mr. Robins has never owned real estate in Illinois or pertaining to any of his businesses at all relevant times. (see Mr. Robins Affidavit at ¶ 6). Mr. Robins does not have any bank accounts in Illinois. (see Mr. Robins Affidavit at ¶ 7). Mr. Robins never has been liable for Illinois income taxes at all relevant times. (see Mr. Robins Affidavit at ¶ 8).

### B. Continental Silverline Never Had Even De Minimus Contacts with the State of Illinois

Continental Silverline maintains its office at 710 North Drennan Street, Houston, TX 77003. (see Continental Silverline Affidavit at ¶ 3). No one from Continental Silverline traveled to Illinois for meetings to sell mattresses in Illinois. (see Continental Silverline Affidavit at ¶¶ 4, 9, 10 ). Continental Silverline has never maintained an office or place of business in Illinois. (see Continental Silverline Affidavit at ¶ 3). Continental Silverline has never owned real estate in Illinois. (see Continental Silverline Affidavit at ¶ 6). Continental Silverline does not have any bank accounts in Illinois. (see Continental Silverline Affidavit at ¶ 7). Continental Silverline has never been liable for Illinois income taxes. (see Continental Silverline Affidavit at ¶ 8).

### III
### Argument

#### A. Continental Silverline and Mr. Robins Should Be Dismissed From the Case Because They Are Not Subject To Personal Jurisdiction in this Forum

In a case such as this based on diversity jurisdiction, a federal district court has personal jurisdiction over a defendant only "if a court of the state in which it sits would have such jurisdiction." RAR, Inc. v. Turner Diesel, Ltd., 107 F. 3d 1272 (7th Cir. 1997). Under Illinois law, a plaintiff bears the burden of providing sufficient facts to establish personal jurisdiction. McIlwee v. ADM Indus., Inc., 17 F. 3d 222, 223 (7th Cir. 1994).

Faced with a challenge to personal jurisdiction over Continental Silverline and Mr. Robins, under Illinois law, Royal Sleep Products must demonstrate each element of a three-part inquiry: (1) the state long-arm statute allows jurisdiction; (2) the assertion of jurisdiction complies with state due process standards; and (3) the assertion of jurisdiction complies with federal due process standards. RAR, 107 F. 3d at 1276. "Because the Illinois [long-arm] statute authorizes personal jurisdiction to the constitutional limits, the three inquiries mentioned above collapse into two constitutional [due process] inquiries – one state and one federal." Id. at 1276. "If jurisdiction is improper under either federal or Illinois due process, this court cannot exercise jurisdiction over the defendant." Glass v. Kemper Corp., 930 F. Supp. 332, 338 (N.D. Ill. 1996), aff'd, 133 F. 3d 999 (7th Cir. 1998).

In alleging that this Court has personal jurisdiction over the defendants pursuant to Illinois' long-arm statute, Ill. Rev. Stat. Ch. 110, para. 2-209, and based on the defendants' supposed personal contacts with Illinois, Royal Sleep Products contends that the defendants: (1) "made or performed a contract or promise substantially connected with Illinois and thereby transacted business in Illinois by invoking the benefits and protections of Illinois law in the contractual relationship, as the contracts executed by them are governed by Illinois law; (2) as shareholders of Restonic Mattress Corporation breached their fiduciary duty owed by them within the State of Illinois; (3) committed a tortious act within Illinois; and (4) acquired ownership, possession or control of a thing of value located within Illinois, to wit: stock in Restonic Mattress Corporation. (see complaint of Royal Sleep Products, pages 2-3)

Royal Sleep Products' conclusory allegations regarding personal jurisdiction are not only inaccurate, but also insufficient to establish personal jurisdiction over Continental Silverline and

Mr. Robins. Royal Sleep Products cannot demonstrate even the minimum Illinois due process requirements.

> **B.   Continental Silverline and Mr. Robins Had Insufficient Minimum Contacts With Illinois To Reasonably Anticipate Being Haled Into Court in Illinois in Response To Royal Sleep Products' Claims.**

Federal due process requires that Continental Silverline and Mr. Robins have "minimum contacts with [Illinois] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). To establish the "minimum contacts" prong, Royal Sleep Products must demonstrate that Continental Silverline and Mr. Robins "purposefully avail[ed] [itself or himself] of the privilege of conducting activities within [Illinois]," Hanson v. Denckla, 357 U.S. 235, 253 (1958), such that it or he should "reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "Subject to the limits of due process, a court may exercise two types of personal jurisdiction over an out-of-state defendant: general and specific." Glass, 930 F. Supp. at 338.

> **1.   The Defendants Are Not Subject to <u>General</u> Personal Jurisdiction in Illinois**

For general personal jurisdiction to exist, "the contacts must be so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely different from those activities." Interlease Aviation Investors II (ALOHA) L.L.C. v. Iowa Corp. ("ALOHA"), 262 F. Supp. 2d 898, 905 (N.D. Ill. 2003) (citation omitted). In making such a determination, courts examine: (1) whether and to what extent the defendant conducts business in the forum state; (2) whether the defendant maintains an office or employees within the forum state; (3) whether the defendant sends agents into the forum state to conduct business; (4) whether the defendant advertises or solicits business in the forum state; and (5) whether the

defendant has designated an agent for service of process in the forum state. Id. at 906-07 (citations omitted). Further, to establish general jurisdiction, Royal Sleep Products must show that Continental Silverline and Mr. Robins had "continuous and systematic general business contacts" with Illinois. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984). This is a "fairly high standard requiring a great amount of contacts," Glass, 930 F. Supp. at 338.

As demonstrated by the affidavits of Continental Silverline and Mr. Robins, neither had contacts with Illinois—much less substantial contacts—which precludes any feasible argument by Royal Sleep Products that would overcome the general jurisdiction threshold for federal due process. In addition, the Defendants have never held certificates of authority to conduct business in Illinois, and they have never been registered to do business in Illinois. (see Continental Silverline and Mr. Robins Affidavits at ¶ 12)  The Defendants have never had their offices in Illinois. (see Continental Silverline and Mr. Robins Affidavits at ¶ 3). The Defendants do not own, rent, or maintain real estate, personal property, or any other property in Illinois. (see Continental Silverline and Mr. Robins Affidavits at ¶ 6, 7). The Defendants have not purposely attempted to solicit business, conduct marketing activities, or sell mattresses or products in Illinois. (see Continental Silverline and Mr. Robins Affidavits at ¶¶ 4, 5, 9, 10). Finally, the Defendants do not have a designated agent for service of process in Illinois. (see Continental Silverline and Mr. Robins Affidavits at ¶ 12). Accordingly, the Defendants do not have "continuous and systematic" contacts with Illinois such that they are subject to general jurisdiction there.

    **2.    The Defendants Are Not Subject to <u>Specific</u> Personal Jurisdiction in Illinois**

For specific jurisdiction to exist, a defendant must have "purposefully established minimum contacts with the forum state." ALOHA, 262 F. Supp.2d at 909 (internal quotations

and citations omitted).  In other words, the defendant "should reasonably anticipate being hauled into court [in the forum state]" as a result of his forum-related activities.  <u>Id.</u> (internal quotations and citations omitted).  Additionally, the exercise of personal jurisdiction must be "reasonable and fair under the circumstances."  <u>Id.</u> (internal quotations and citations omitted).  Specific jurisdiction arises when a defendant's contact with a forum are related to the controversy underlying the litigation.  <u>Wilson v. Humphreys (Cayman) Ltd.</u>, 916 F.2d 1239, 1243 (7th Cir. 1990), <u>cert.</u> <u>denied</u>, 499 U.S. 947 (1991).  To try and establish this requisite "specific" jurisdiction over Continental Silverline and Mr. Robins, Royal Sleep Products has alleged that the defendants breached their fiduciary duties as shareholders in Restonic Mattress Corporation and committed a tortious acts within Illinois.

Here, Royal Sleep Products cannot establish specific jurisdiction, as the Defendants have never purposefully established minimum contacts with Illinois.  Even if Royal Sleep Products could meet the "purposeful availment" requirement, exercising jurisdiction over the Defendants would nonetheless be unreasonable and would "violate traditional notions of fair play and substantial justice."  <u>ALOHA</u>, 262 F. Supp.2d at 909 (internal quotations and citations omitted).  In assessing reasonableness of jurisdiction, courts consider:  (1) the burden on the defendant in litigating in the forum; (2) the interests of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) efficiency considerations; and (5) the interest in furthering fundamental substantive policies.  <u>Id.</u> (citation omitted).  These factors strongly favor the Defendants and not the plaintiff, Royal Sleep Products.

The present case is analogous to "other cases decided in this district dealing with . . . the issue of personal jurisdiction over non-resident officers and directors of corporations."  <u>Allman v. McGann</u>, No. 2003 U.S. Dist. Lexis 5599, (N.D. Ill. April 3, 2003) at *10.  Indeed, <u>Allman</u>

and the cases cited therein demonstrate why personal jurisdiction over Continental Silverline and Mr. Robins is lacking.

In <u>Allman</u>, an Illinois resident sued officers of his former employer in Illinois federal court, asserting claims against each for violations of the Wage Act (for failure to pay commissions) and for tortious interference with the plaintiff's contract rights with his former employer to receive those commissions. After conducting a thorough analysis of analogous precedent, the court explained that an officer's limited contacts with the litigation forum state during the course of business were not sufficient to establish the "minimum contacts" necessary to warrant a finding that the officer had "purposefully availed" himself of the state in such a way as to warrant hauling him into court. <u>Id.</u> at *6-9. Following the court's reasoning in <u>Allman</u>, which dealt with corporate *officers*, Royal Sleep Products' allegations against the defendants as mere *shareholders* in Restonic Mattress Corporation certainly fall woefully short of establishing minimum contacts.

Royal Sleep Products plainly has not met its burden to demonstrate minimum contacts with Illinois, as evidenced by the affidavits of Continental Silverline and Mr. Robins. There is absolutely no reason why Continental Silverline or Mr. Robins would anticipate being haled into court in Illinois as they do not conduct any business in Illinois. In addition, it would be a considerable burden on Continental Silverline and Mr. Robins to litigate this lawsuit in Illinois. <u>ALOHA</u>, 262 F. Supp.2d at 909. Further, Illinois has no interest in litigating these issues involving companies of different states who do not conduct business in Illinois. <u>Id.</u>

## IV
## Conclusion

Defendants Continental Silverline and Mr. Robins respectfully pray that this Court dismiss all Counts against them, with prejudice, for lack of personal jurisdiction. Continental

Silverline and Mr. Robins further request that they have and recover their costs, including attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated: March 20, 2008                                    SMITHAMUNDSEN, LLC

                                                         */S/ THOMAS J. LYMAN, III*
                                                         Thomas J. Lyman, III, Esq.
                                                         ARDC No. 6194687
                                                         Glen E. Amundsen, Esq.
                                                         ARDC No. 3126776
                                                         SmithAmundsen, LLC
                                                         150 North Michigan Avenue
                                                         Suite 3300
                                                         Chicago, IL 60601
                                                         Phone: 312-894-3241
                                                         Fax:   312-894-3210

                                                                 -and-

                                                         William P. Maines
                                                         Texas State Bar No. 12849700
                                                         (pending admission *pro hac vice*)
                                                         Andrew S. Friedberg
                                                         Texas State Bar No. 24053212
                                                         (pending admission *pro hac vice*)
                                                         FULBRIGHT & JAWORSKI L.L.P.
                                                         Fulbright Tower
                                                         1301 McKinney, Suite 5100
                                                         Houston, TX 77010-3095
                                                         Telephone: (713) 651-5151
                                                         Facsimile: (713) 651-5246

                                                         *Attorneys for Defendants Continental*
                                                         *Silverline Products L.P. and Drew Robins*

**CERTIFICATE OF SERVICE**

   I certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure upon all known counsel of record on this, the 20th day of March, 2008.

                                                         */S/ THOMAS J. LYMAN, III*