UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROYAL SLEEP PRODUCTS, INC., a Florida Corporation,<br><br>                Plaintiff,<br><br>  vs.<br><br>RESTONIC CORPORATION, an Illinois Corporation, RESTONIC MATTRESS CORPORATION, an Illinois Corporation, SLEEP ALLIANCE, LLC, a Delaware Limited Liability Company, ROYAL BEDDING COMPANY OF BUFFALO, a New York Corporation, JACKSON MATTRESS CO. LLC, a North Carolina Limited Liability Company, CONTINENTAL SILVERLINE PRODUCTS L.P., a Texas Limited Partnership, STEVENS MATTRESS MANUFACTURING CO., a North Dakota Corporation, TOM COMER, JR., an individual, DREW ROBINS, an individual, and RICHARD STEVENS, an individual,<br><br>                Defendants. | Case No. 07 C 6588<br><br>Hon. Rebecca R. Pallmeyer<br><br>Magistrate Judge Valdez |

## DEFENDANTS, STEVENS MATTRESS MANUFACTURING CO. AND RICHARD STEVENS, MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants, Stevens Mattress Manufacturing Co., a North Dakota corporation ("Stevens Mattress") and Richard Stevens, an individual ("Mr. Stevens"), by the undersigned attorneys, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, respectfully request that this Court dismiss them from Counts II, III, V, VII and IX of Plaintiff's Complaint (all Counts as against them) and, in support thereof, state as follows:

Plaintiff's Complaint directed at Stevens Mattress and Mr. Stevens should be dismissed for lack of personal jurisdiction. First, Stevens Mattress is a North Dakota corporation that does not conduct business in Illinois. It did not commit any alleged acts in Illinois, has no presence in

Illinois, has no business, employees, physical assets or offices in Illinois and does not advertise in Illinois. Second, Mr. Stevens, individually, is a North Dakota resident and domiciliary and has committed no acts falling under the specific subsections of the Illinois long-arm statute, 735 ILCS 5/2-209.  Finally, Plaintiff cannot establish personal jurisdiction through specific or general jurisdiction.

## I. BACKGROUND

Plaintiff, Royal Sleep Products, Inc., a Florida corporation, filed an 11-count complaint against Defendants on November 21, 2007.  *See* a copy of Plaintiff's Complaint, attached hereto as Exhibit A.  Plaintiff's allegations involve the advertising, manufacturing and selling of sleep mattresses and other bed products. Plaintiff's entire cause of action is based on state law claims and no federal question jurisdiction is pled or invoked.

Plaintiff's lawsuit alleges that this Court has personal jurisdiction over Stevens Mattress and Mr. Stevens in Illinois because both parties, among others, were majority shareholders of Defendant Restonic Mattress Corporation ("RMC"), breached their fiduciary duties to Plaintiff and interfered with Plaintiff's prospective business dealings.[1]

Stevens Mattress is a corporation organized under the laws of the state of North Dakota with its principal place of business located in Grand Forks, North Dakota.  *See* the affidavit of Richard Stevens, President of Stevens Mattress, which is incorporated by reference and attached hereto as Exhibit B.  Stevens Mattress is only in the business of manufacturing mattresses.  *See* Exhibit B.  Stevens Mattress has not committed any tort in Illinois, does not have offices,

---

[1] Specifically directed at Stevens Mattress and Mr. Stevens, Plaintiff alleges a breach of fiduciary duty of loyalty (Count II), aiding and abetting a breach of fiduciary duty of loyalty (Count III), tortious interference with prospective business advantage with Lady Americana (Count V), tortious interference with prospective business advantage with Mattress Giant (Count VII), and tortious interference with Plaintiff's sub-license agreement (Count XI).

- 2 -

employees or assets in Illinois and does not do business in Illinois. *See* Exhibit B. Stevens Mattress has never had any contact with Plaintiff.

Mr. Stevens is a North Dakota domicilary and resident. *See* the affidavit of Richard Stevens, individually, which is incorporated by reference and attached hereto as Exhibit C. In relation to this matter, Mr. Stevens' individual activities do not target or relate to the state of Illinois. He does not transact business in Illinois. *See* Exhibit C.

## II. STANDARD OF REVIEW

When determining whether a court has personal jurisdiction over a defendant, the onus is on the plaintiff to prove sufficient minimum contacts to allow the exercise of jurisdiction. *RAR v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). A *prima facie* case for jurisdiction is only made when the plaintiff conclusively establishes sufficient contacts between the defendant and the foreign state. *Id*.

Personal jurisdiction may be exercised over a non-resident defendant in Illinois if it is subject to the court's "specific jurisdiction" or to "general jurisdiction" under the Illinois long-arm statute, 735 ILCS 5/2-209. In addition to satisfying the statutory standards, the exercise of jurisdiction must be consistent with the due process requirements of the Illinois and United States Constitutions so as not to offend traditional notions of fair play and substantial justice. *International Shoe v. Washington,* 326 U.S. 310 (1945). In this case, neither Stevens Mattress nor Mr. Stevens have sufficient minimum contacts to justify the exercise of specific or general personal jurisdiction and this action as to those parties should be dismissed.

## III. ARGUMENT

**A.**     **Stevens Mattress and Mr. Stevens are Not Subject to Specific Personal Jurisdiction**

Specific personal jurisdiction requires that the cause of action arise out of or relate to Defendants' contacts with the forum state. *Helicopteros Nacionales de Columbia v. Hall*, 466

U.S. 408, 414 (1984); *RAR, Inc.*, 107 F.3d at 1277.  A Court may exercise specific jurisdiction if a cause of action arises from a defendant's acts in Illinois including, but not limited to, (1) the transaction of business within the state; (2) a tortious act within the state; or (3) making or performing any contract or promise substantially connected with the state.  *735 ILCS 5/2-209(a).*

Next, plaintiff must establish that defendant has sufficient minimum contacts with the forum state so as not to "offend the traditional notions of fair play and substantial justice." *International Shoe Co.*, 326 U.S. at 319; *see also Helicopteros*, 466 U.S. at 414.  Defendant must "purposely avail" itself to privileges and protections of the forum state so that it is reasonable and foreseeable to expect that the defendant may be haled into the forum state's court.  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  The party must deliberately reach out to the forum state and create continuous and substantial ties.  *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1958).  The ties must be something more than "fortuitous" and "random" in order for personal jurisdiction to be proper.  *Id.*

Here, Plaintiff cannot establish specific personal jurisdiction.  First, contrary to Plaintiff's broad conclusions, a review of the Complaint and attached affidavits illustrates that Stevens Mattress and Mr. Stevens did not transact business in Illinois, commit any tortious acts in Illinois or make or perform a contract substantially connected with the state.  (*See* Exhibit B and C).

Second, Plaintiff fails to plead the existence of any acts committed by these Defendants which arise or result from activities within Illinois.  By contrast, Plaintiff's Complaint references events that took place in or relate to Oklahoma (Exhibit A, ¶ 44), Houston (Exhibit A, ¶¶ 37, 49), Las Vegas (Exhibit A, ¶ 37), and Florida (Exhibit A, ¶¶ 29, 30), not Illinois.

Third, Stevens Mattress and Mr. Stevens do not have minimum contacts with Illinois sufficient to satisfy the standards established by the aforementioned Supreme Court decisions.

Stevens Mattress does not conduct business in Illinois, was never registered to do business in Illinois, was not incorporated in Illinois, does not have a business presence in Illinois, and has no employees in Illinois. Stevens Mattress has never done business with Plaintiff or even had any contact with Plaintiff; Stevens Mattress' business dealings and interactions remain isolated to North Dakota and North Dakota alone. (*See* Exhibit B).

Mr. Stevens is a North Dakota resident and domiciliary. His individual activities do not relate to or target Illinois residents or customers. (*See* Exhibit C). Like Stevens Mattress, Mr. Stevens does not have sufficient minimum contacts with Illinois such that he would reasonably expect or anticipate being haled into this forum. As such, the exercise of personal jurisdiction over these Defendants would offend traditional notions of "fair play and substantial justice." *Burger King*, 471 U.S. at 474-6; *International Shoe*, 326 U.S. at 316.

In summary, Defendants did not commit any acts or purposefully direct their activities toward Illinois so as to purposefully avail themselves to the privileges and protections of this state. Therefore, the Court should decline to exercise specific personal jurisdiction over both parties.

**B.**     **Stevens Mattress and Mr. Stevens are Not Subject to General Personal Jurisdiction**

General personal jurisdiction will be satisfied when the defendant is engaged in systematic and continuous activities within the forum state. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *Wilson v. Humphreys (Caymen) Ltd.*, 916 F.2d 1239, 1244 (7th Cir. 1990). In a general jurisdiction analysis, the defendant's contacts with the forum state must be so significant that the defendant must answer any claim, regardless of whether the cause of action arose out of the defendant's activities within that state. *Id*.

A court may exercise general personal jurisdiction in any action arising within or without this state against any person who (1) is a natural person present within the state when served;

(2) is a natural person domiciled or resident within the state when the cause of action arose, the action was commenced or process was served, (3) is a corporation organized under the laws of this state, or (4) is a natural person or corporation doing business within the state. *735 ILCS 5/2-209(b)(1-4).*

General jurisdiction would be inappropriate because Stevens Mattress and Mr. Stevens have not engaged in systematic and continuous activities in Illinois and do not fit into any of the referenced categories justifying general personal jurisdiction. Without belaboring the facts, Stevens Mattress is incorporated in North Dakota, has its offices there, and solicits and only does business with North Dakota contacts. Stevens Mattress does not engage in business in Illinois and has never been licensed to do so. In short, Stevens Mattress has no presence in Illinois. Likewise, Mr. Stevens is a resident and domiciliary of North Dakota, not Illinois, and does not individually engage in business in Illinois. Plaintiff cannot show that Defendants have "systematic and continuous" contacts with this forum to satisfy the requirements of general jurisdiction. Therefore, this Court should decline to exercise general personal jurisdiction over both parties.

## IV. CONCLUSION

Plaintiff cannot establish personal jurisdiction through either specific or general jurisdiction. Accordingly, this Court should dismiss all Counts in Plaintiff's Complaint against Stevens Mattress and Mr. Stevens (Counts II, III, V, VII and IX) as there is no personal jurisdiction over Stevens Mattress and Mr. Stevens.

WHEREFORE, Defendants, Stevens Mattress Manufacturing Co., a North Dakota corporation and Richard Stevens, an individual, respectfully request that this Court dismiss them from Counts II, III, V, VII and IX of Plaintiff's Complaint (all Counts as against them) pursuant

to Rule 12(b)(2) of the Federal Rules of Civil Procedure and for such other relief deemed reasonable by this Court.

Dated:  March 20, 2008	Respectfully submitted,

 	By:	**/s/ Michelle B. Fisher**
Thomas R. Hill, ARDC No. 6191291		One of the Attorneys for Defendants,
Michelle B. Fisher, ARDC No. 6277061		STEVENS MATTRESS MANUFACTURING
DYKEMA GOSSETT PLLC		CO. and RICHARD STEVENS
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700

CHICAGO\2421677.6
ID\MBFI