

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROYAL SLEEP PRODUCTS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07 C 6588 ) |
| RESTONIC CORPORATION; RESTONIC MATTRESS CORPORATION; SLEEP ALLIANCE, LLC; ROYAL BEDDING COMPANY OF BUFFALO; JACKSON MATTRESS CO. LLC; CONTINENTAL SILVERLINE PRODUCTS L.P.; STEVENS MATTRESS MANUFACTURING CO.; TOM COMER, JR.; DREW ROBINS; and RICHARD STEVENS, | ) ) Judge Pallmeyer ) Magistrate Judge Valdez ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain documents and information to be produced in this litigation, Restonic Corporation ("Restonic") and Restonic Mattress Corporation ("RMC") [collectively, the "Restonic Defendants"], together with the other individual, corporate and limited liability company defendants, and the plaintiff, Royal Sleep Products, Inc. (individually a "Party," and collectively the "Parties"), agree to and the Court approves the following Confidentiality Agreement and Protective Order:

1. **Terms**

   (a)    Plaintiff asserts claims against multiple defendants, all of whom have a business relationship with the Restonic Defendants. The Restonic Defendants are sister companies that license certain trademarks, patents and proprietary information and know-how to several sub-licensees (pursuant to written license agreements), used to manufacture bedding products (primarily mattresses), on a non-exclusive basis, around the United States. Within the United States, Restonic only licenses its intellectual property to RMC. RMC, in turn, licenses the intellectual property to

approximately 10 companies, which includes the four co-defendants, Restonic sub-licensees, and plaintiff, Royal Sleep Products, Inc. As such, the plaintiff, and the defendants (excluding the Restonic Defendants) are horizontal competitors in the bedding products industry.

(b) "Confidential Information" means information that constitutes a trade secret or reveals confidential research, development, financial and/or commercial information that may have significant commercial value or that may harm the business interests of a Party to unwarranted claims of sharing business, pricing and other information with horizontal competitors (i.e., other Restonic sub-licensees). Confidential Information does not include information that has been disclosed in the public domain.

(c) "Restricted Information" includes Confidential Information that a Party would not otherwise share with any person or entity other than the Party (and its officers, agents and/or employees), and includes but is not necessarily limited to the following information as to any party: its tax returns, customer lists and/or opportunities, cost and/or pricing information (including vendor or component cost and/or pricing), private marketing plans, or similar information.

(d) "Protectible Documents" means deposition testimony and documents as defined by Fed. R. Civ. P. 34 to be produced by a Party during discovery in this case that contain Confidential Information or Restricted Information.

(e) "Confidential Material" means any document(s) designated pursuant to Paragraphs 2(a) or (c) of this Order and any Confidential Information contained therein.

(f) "Restricted Material" means any document(s) designated pursuant to Paragraphs 2(b) or (c) of this Order and any Restricted Information contained therein.

2.  **Designation**

   (a)   A document (or portion of a document) that a Party determines in good faith to contain Confidential Information may be designated as Confidential Material by (1) stamping the word "CONFIDENTIAL" on the document, (2) otherwise indicating that it contains Confidential Information, (3) employing other means provided in this Order, or (4) using any other reasonable method agreed to by the Parties to protect Confidential Information.

   (b)   A document (or portion of a document) that a party determines in good faith to contain Restricted Information may be designated as Restricted Material by (1) stamping the words "CONFIDENTIAL—ATTORNEY'S EYES ONLY" on the document, (2) otherwise indicating that it is contains Restricted Information, (3) employing other means provided in this Order, or (4) using any other reasonable method agreed to by the Parties to protect Restricted Information.

   (c)   A Party may, on the record of a deposition or by written notice to opposing counsel not later than ten calendar (10) days after receipt of the deposition transcript, designate any portion(s) of the deposition as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" based on a good faith determination that any portions so designated constitute a Protectible Document. To the extent possible, any portions so designated shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY." Until expiration of the above ten (10) calendar day period, all depositions transcripts and information therein will be deemed "Restricted Material" unless otherwise agreed to in writing by the Parties.

   (d)   By designating a document Confidential Material or Restricted Material pursuant to Paragraphs 2(a), (b) or (c), a party represents that it has made a bona fide, good faith determination that the document does, in fact, contain Confidential Material or Restricted Material.

3

(e)　No party concedes that any documents designated by another party as Confidential Material or Restricted Material are in fact Protectible Documents.

**3.　Challenge to Designation**

(a)　Any of the Parties may challenge a designation made under Paragraphs 2(a) or (b) by written notice of its objection to counsel for the designating party or non-party. Challenge to a designation made under Paragraph 2(c) may be made either upon the record of the deposition or as provided in the preceding sentence.

(b)　In the event a designation is challenged, the designating and challenging parties shall attempt to resolve any challenges in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, the Party challenging the designation will move for an appropriate ruling from the Court. The material shall continue to be treated as Confidential Material or Restricted Material, as applicable, until the Court rules. With any such motion, the Party requesting confidential or restricted treatment shall have the burden of showing that "good cause" exists for confidential or restricted treatment pursuant to Fed. R. Civ. P. 26(c).

(c)　A Party shall not be obligated to challenge the propriety of the designation of a document as Confidential Material or Restricted Material at the time of designation, and failure to do so shall not preclude a subsequent challenge to the designation.

**4.　Use of Confidential and Restricted Material Limited**

(a)　Confidential Material and the portion of all writings, including the portion of pre-trial court papers, that quote from, summarize, or comment upon such materials shall be treated as Confidential Material and used by counsel for the Parties in this litigation solely for the purpose of this litigation in accordance with the disclosures permitted in Paragraph 7(a) of this Order.

4

13414\00002\475333

(b)     Restricted Material and the portion of all writings, including the portion of pre-trial court papers, that quote from, summarize, or comment upon such materials shall be treated as Restricted Material and used by counsel for the Parties in this litigation solely for the purpose of this litigation in accordance with the disclosures permitted in Paragraph 7(b) of this Order.

**5.     Not Applicable to Trial**

This Order does not apply to the offer of or admission into evidence of Protectible Documents, Confidential Material, Restricted Material or their contents at trial or any evidentiary hearing, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time of trial or evidentiary hearing.

**6.     ~~Filing Under Seal~~**

~~Confidential Material and Restricted Material, when filed with the Court, shall be filed under seal. Such documents shall be placed in a sealed envelope with an attached label containing the caption of this case, the title of the filing, and the words "FILED UNDER SEAL ACCORDING TO CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER." Documents filed under seal in this manner will remain under seal unless the designation of such documents as confidential is objected to by the non-designating party pursuant to the procedures in Paragraph 3 of this Order.~~ *RRP*

**7.     Permitted Disclosures**

(a)     Confidential Material may be shown, disseminated, or disclosed only to the following persons:

> (i)     all attorneys of record in this case, including members of their respective law firms, and any other attorney retained to assist in the preparation of this case;
>
> (ii)    all employees of the Parties' counsel assisting in the preparation of this case;

5

      (iii)    experts or consultants retained by the parties for the preparation or trial of this case;

      (iv)    the court, its staff, and the jury in this case; and

      (v)    fact witnesses and the Parties.

  (b)    Restricted Material may be shown, disseminated, or disclosed only to the following persons:

      (i)    all attorneys of record in this case, including members of their respective law firms, and any other attorney retained to assist in the preparation of this case;

      (ii)    all employees of the Parties' counsel assisting in the preparation of this case;

      (iii)    experts or consultants retained by the Parties for the preparation or trial of this case;

      (iv)    current or former officers and/or directors of the Restonic Defendants;

      (v)    the Party who either prepared the Restricted Material or the Party to whom the Restricted Material applies; and

      (vi)    the court, its staff, witnesses giving testimony at trial, and the jury in this case.

## 8. Agreement by Disclosees

Before being given access to Confidential Material or Restricted Material, each person described in Paragraphs 7(a) and (b) (other than those identified in subsections (i) and (ii)) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by its terms and to submit to the jurisdiction of this Court. This provision does not apply to the Court, its staff, and the jury in this case.

13414\00002\475333

## 9.     Production Not a Waiver

The production of Confidential Material or Restricted Material pursuant to this Order is not intended to constitute a waiver of a privilege or right to claim the trade secret or confidential status of the documents, materials, or information produced.

## 10.     Return or Destruction of Confidential Materials and Restricted Materials

After termination of the lawsuit, whether by trial, appeal, settlement or otherwise, the provisions of this Confidentiality Agreement with respect to the dissemination of Confidential Information and Restricted Information shall continue to be binding. Counsel of record for the Parties, at the termination of the lawsuit, shall ensure that any person who has received copies of Confidential Information or Restricted Information from or through such counsel of record destroys such Confidential Information or Restricted Information or returns such Confidential Information or Restricted Information to counsel of record for the producing party. It is stipulated and agreed that the Court shall retain jurisdiction over the Parties, and recipients of Confidential Information or Restricted Information for enforcement of the provisions of this Confidentiality Agreement following termination of the lawsuit.

***The remainder of this page has been intentionally left blank***

Dated: July 14, 2008

AGREED:

| | |
|---|---|
| ROYAL SLEEP PRODUCTS, INC. | STEVENS MATTRESS MANUFACTURING CO. and RICHARD STEVENS |
| By: _____<br>Brian I. Tanenbaum<br>John A. Benson, Jr.<br>The Law Offices of Brian Ira Tanenbaum<br>2970 Maria Avenue, Suite 207<br>Northbrook, IL 60062 | By: _____<br>Thomas R. Hill<br>Michelle B. Fisher<br>Dykema Gossett PLLC<br>10 S. Wacker Drive, Suite 2300<br>Chicago, IL 60606 |
| By: _____<br>Robert Zarco<br>Robert F. Salkowski<br>Melissa L. Bernheim<br>Zarco Einhorn Salkowski, P.A.<br>Bank of America Tower<br>100 S.E. Second Street, Suite 2700<br>Miami, FL 33131 | By: _____<br>Daniel L. Gaustad<br>Pearson Christenson & Clapp, PLLP<br>735 Hill Avenue<br>P.O. Box 352<br>Grafton, ND 58237 |
| SLEEP ALLIANCE, LLC; ROYAL BEDDING COMPANY OF BUFFALO; JACKSON MATTRESS CO. LLC; TOM COMER, JR.; DREW ROBINS | RESTONIC CORPORATION and RESTONIC MATTRESS CORPORATION |
| By: _____<br>Glen E. Amundsen<br>Thomas J. Lyman, III<br>Smith & Amundsen, L.L.C.<br>150 N. Michigan Avenue, Suite 3300<br>Chicago, IL 60601 | By: _____<br>Frederic A. Mendelsohn<br>Kimberly A. Cloud<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 N. Wabash Avenue, 22nd Floor<br>Chicago, Illinois 60611 |
| | CONTINENTAL SILVERLINE PRODUCTS, L.P. |
| | By: _____<br>Andrew S. Friedberg<br>William P. Maines<br>Fulbright & Jaworksi, LLP<br>1301 McKinney, Suite 500<br>Houston, TX 77010 |

ENTERED:

_____  7-14-08
Judge Rebecca R. Pallmeyer

13414\00002\475333

# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROYAL SLEEP PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07 C 6588 |
| ) | |
| RESTONIC CORPORATION; RESTONIC ) | Judge Pallmeyer |
| MATTRESS CORPORATION; SLEEP ) | Magistrate Judge Valdez |
| ALLIANCE, LLC; ROYAL BEDDING ) | |
| COMPANY OF BUFFALO; JACKSON ) | |
| MATTRESS CO. LLC; CONTINENTAL ) | |
| SILVERLINE PRODUCTS L.P.; STEVENS ) | |
| MATTRESS MANUFACTURING CO.; TOM ) | |
| COMER, JR.; DREW ROBINS; and RICHARD ) | |
| STEVENS, ) | |
| ) | |
| Defendants. ) | |

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned hereby agrees, in accordance with the provisions of this CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER entered the ___ day of _____, 2008, to be bound thereby and further states that he/she/it has read said Agreement and understands and agrees to the terms and conditions thereof.

Dated this ___ day of July, 2008.

_____

13414\00002\475333