```
 1                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2

 3   ROYAL SLEEP PRODUCTS, INC.
     a Florida Corporation,          Case No:   1:07 CV 6588

 4        Plaintiff.

 5   V.

 6   RESTONIC CORPORATION,
     an Illinois Corporation,
 7   RESTONIC MATTRESS CORPORATION,
     an Illinois Corporation,
 8   SLEEP ALLIANCE, LLC,
     a Delaware Limited Liability Company,
 9   ROYAL BEDDING COMPANY OF BUFFALO,
     a New York Corporation,
10   JACKSON MATTRESS CO., LLC,
     a North Carolina Limited Liability Company,
11   CONTINENTAL SILVERLINE PRODUCTS, L.P,
     a Texas Limited Partnership,
12   STEVENS MATTRESS MANUFACTURING CO.,
     a North Dakota Corporation,
13   TOM COMER, JR., an individual,
     DREW ROBINS, an individual, and
14   RICHARD STEVENS, an Individual,

15        Defendants.

16

17   *********************************************************

18                    ORAL DEPOSITION OF

19                       DREW ROBINS

20                      MAY 29, 2008

21   *********************************************************

22

23

24

25
```

CERTIFIED COPY

FILED

SEPTEMBER 5, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EXHIBIT

"A"

```
 1   line, including your attorney, when I refer,

 2   Mr. Robins, to yourself, when I say "you" or -- I'm

 3   referring to both you and to Continental Silverline.

 4   If you need to make a distinction between you or

 5   Continental Silverline, I'd appreciates that as well.

 6   Okay?

 7        A.   Yes.

 8        Q.   Mr. Robins, have you ever maintained a bank

 9   account in the state of Illinois?

10        A.   No.

11        Q.   And, sir, have you ever maintained an office

12   in the state of Illinois for your mattress business?

13        A.   No.

14        Q.   Have you ever employed any individual who was

15   a resident of the State of Illinois?

16        A.   No.

17        Q.   All right, sir.  Are you familiar with an

18   individual by the name of Debbie Gory?

19        A.   Yes.

20        Q.   And who is Ms. Gory?

21        A.   She was a -- previously a employee of

22   Restonic Mattress Corporation and...

23        Q.   Go ahead.  I'm sorry.

24        A.   She was previously an employee of Restonic

25   Mattress Corporation.
```

1    Q.    Okay.  Was Ms. Gory ever employed by

2  Continental Silverline or yourself in any capacity?

3    A.    We had Ms. Gory, the best of my recollection,

4  as a contract employee to help with an installation of

5  a computer software program.

6    Q.    And, sir, do you know how long Ms. Gory acted

7  as this contract employee?

8    A.    About a year.

9    Q.    All right.  And do you know what period of

10  time that was, meaning when?  Was it recently?  Was it

11  five years ago?

12    A.    It was from about two years -- about a year

13  and a half ago to about six months ago.

14    Q.    All right.  And did she resign or her task

15  was simply completed?

16    A.    Her task was completed.

17    Q.    And do you recall how Ms. Gory was paid?  Was

18  she paid as an independent contractor, given a 1099;

19  or was she paid as an employee and issued a W-2?

20    A.    I believe she was paid with a 1099, but I'm

21  not entirely certain.

22    Q.    Okay.  And irrespective of how she was paid,

23  be it a W-2 or a 1099, it's your understanding that

24  Continental Silverline, the defendant in this case,

25  paid her for her contract work; is that right?

```
 1        A.    Yes.
 2        Q.    And do you know where Ms. Gory lives, what
 3   her resident state is?
 4        A.    I believe it's Illinois.
 5        Q.    Other than Ms. Gory, are you aware of any
 6   other employee or independent contractor that you or
 7   Continental Silverline employ, for whatever purpose,
 8   who lives in the state of Illinois?
 9        A.    No.
10        Q.    Hold on one second.  I just need to get some
11   exhibits.
12             MR. SALKOWSKI:  I'm going to be
13   introducing Exhibits Nos. 3, 4, 7, 8, 9 and 28.  If
14   either the court reporter or Mr. Friedberg could
15   provide those exhibits to Mr. Robins, I'd appreciates
16   it.
17             MR. FRIEDBERG:  And, actually, Robert,
18   if you would do us a favor, since we only have the one
19   copy that we received, really just moments before the
20   deposition, if you could also refer by the opening
21   Bates label for each of those.
22             MR. SALKOWSKI:  Sure.  I'll do that.
23             MR. FRIEDBERG:  You know, when you refer
24   to them.  That way, I can flip to my copy, please.
25             MR. SALKOWSKI:  That's fine.
```

```
 1              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
 2

 3    ROYAL SLEEP PRODUCTS, INC.   )
      a Florida Corporation,       )
 4                                 )
           Plaintiff,              )
 5                                 )
      vs.                          )     Case No. 1:07 CV 6588
 6                                 )
      RESTONIC CORPORATION, an     )
 7    Illinois Corporation,        )
      RESTONIC MATTRESS CORPORATION)
 8    an Illinois Corporation,     )
      SLEEP ALLIANCE, LLC, a       )
 9    Delaware Limited Liability   )
      Company, ROYAL BEDDING       )
10    COMPANY OF BUFFALO, a New    )
      York Corporation, JACKSON    )
11    MATTRESS CO., LLC, a North   )
      Carolina Limited Liability   )
12    Company, CONTINENTAL         )
      SILVERLINE PRODUCTS, L.P., a )
13    Texas Limited Partnership,   )
      STEVENS MATTRESS MANUFACTUR- )
14    ING CO., a North Dakota      )
      Corporation, TOM COMER, JR., )
15    an individual, DREW ROBINS,  )
      an individual, and RICHARD   )
16    STEVENS, an individual,      )
                                   )
17         Defendants.             )

18

19    ********************************************
                ORAL TELEPHONIC DEPOSITION OF
20                     BRENT FORD
                      JULY 2, 2008
21    ********************************************

22

23         THE ORAL DEPOSITION OF BRENT FORD, produced

24    as a witness at the instance of the Plaintiff, and duly

25    sworn, was taken in the above-styled and -numbered cause
```

CERTIFIED COPY

EXHIBIT
" B "

```
11  :21  1   other reasons why you would travel to Illinois on behalf

11  :21  2   of Continental Silverline?

11  :21  3        A.   Except for that one time I told you, you

11  :21  4   know, six or seven years ago, sir, for a seminar, that

11  :22  5   would be one occasion.  The only other occasion would be

11  :22  6   -- would be for pleasure, which is what you've not

11  :22  7   listed.

11  :22  8        Q.   Okay.  And to your knowledge, does

11  :22  9   Continental Silverline have any offices in Illinois?

11  :22 10        A.   No, sir.

11  :22 11        Q.   Do you know if they have any employees in

11  :22 12   Illinois?

11  :22 13        A.   We had one employee, Deb Gory, that did

11  :22 14   contract stuff for us when we were installing a new

11  :22 15   computer system about a year ago; that worked for us

11  :22 16   for, I want to say, nine or ten months.  I'm not sure if

11  :22 17   she was considered an employee or not, sir.  I know she

11  :22 18   -- she was living there or was going to move there or

11  :22 19   something.  I wasn't sure of her arrangements, but I

11  :22 20   knew she was from Illinois.

11  :22 21        Q.   Now, sir -- Mister -- Mr. Ford, how did you

11  :22 22   prepare for today's deposition?

11  :23 23        A.   I'm sure -- I'm not sure what your question

11  :23 24   is, sir.

11  :23 25        Q.   Did you review any deposition transcripts?
```

Deposition of Brent Ford                          Royal Sleep Products, Inc. vs. Restonic Corporation

11  :29  1        A.    She no longer works for us.

11  :29  2        Q.    Do you know when she stopped working for

11  :29  3    Continental Silverline?

11  :29  4        A.    About seven months ago.

11  :29  5        Q.    Okay.  Thanks.  I've got no more questions.

        6                        EXAMINATION

        7    BY MR. SALKOWSKI:

11  :29  8        Q.    Mr. Ford, just one brief question.  What was

11  :29  9    Ms. Gory's role?  What type of work did she do on behalf

11  :29 10    of Continental Silverline?

11  :29 11        A.    She helped us implement a new computer

11  :29 12    system.

11  :29 13        Q.    And was that just for Continental

11  :29 14    Silverline, or was it for other licensees for Restonic?

11  :29 15        A.    No.  It was just for us, sir.

11  :30 16        Q.    All right, sir.  Thank you very much.

11  :30 17        A.    Yes, sir.

        18                (Deposition concluded at 3:30 p.m.)

        19                MR. FRIEDBERG:  Before we all hang up, I

        20    just want to make sure, do we need to advise Gwen of our

        21    orders for transcripts and such, or...?

        22                MR. SALKOWSKI:  Yeah.  And, Gwen, this is

        23    Robert Salkowski.  We're going to need the transcript

        24    and a mini.

        25                THE COURT REPORTER:  Okay.