UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROYAL SLEEP PRODUCTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:07-CV-06588 |
| v. | § | |
| | § | Judge Pallmeyer |
| RESTONIC CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS CONTINENTAL SILVERLINE AND DREW ROBINS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Continental Silverline Products, L.P. and Drew Robins (collectively, "Defendants") hereby present, through undersigned counsel, their Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction, and would respectfully show the Court as follows:

Defendants are entitled to dismissal of all claims against them in this action on the basis of lack of personal jurisdiction. Plaintiff, Royal Sleep Products, Inc. ("Plaintiff"), has failed to demonstrate that this Court may properly exercise personal jurisdiction over the Defendants on any theory under the Illinois long-arm statute, and further, the exercise of personal jurisdiction would violate the due process guarantees of the Illinois and United States Constitutions.

### OVERVIEW

Plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In the Seventh Circuit, this burden may be satisfied by "proof to a reasonable probability that jurisdiction exists." *Kohler Co. v. Kohler Int'l, Ltd.*, 196 F.Supp.2d 690, 696 (N.D. Ill. Mar. 27, 2002) (*quoting Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)). As demonstrated below, Plaintiff's Response

in Opposition to Defendants' Motion to Dismiss (hereinafter, Plaintiff's "Opposition") falls woefully short of this burden.[1]

"A Federal District Court in Illinois has personal jurisdiction over a party involved in a diversity action only if Illinois courts would have personal jurisdiction."  *GMAC Real Estate, LLC v. Canyonside Realty, Inc.*, 2005 U.S. Dist. LEXIS 12589 at * 7 (N.D. Ill. June 15, 2005) (quotation omitted).  Plaintiff must overcome "[t]hree distinct obstacles to personal jurisdiction [that] must generally be examined:  1) state statutory law, 2) state constitutional law, and 3) federal constitutional law."  *RAR*, 107 F.3d at 1276.  Specifically, personal jurisdiction exists "when the Illinois long-arm statute, the Illinois state constitution and the due process clause of the federal constitution authorize it."  *GMAC*,  2005 U.S. Dist. LEXIS 12589 at * 7 (quotation omitted).  Defendants' Motion to Dismiss should be granted in its entirety because none of these sources authorize personal jurisdiction over the Defendants in Illinois.

## ARGUMENT

## I.    Plaintiff Has Not Demonstrated That Defendants Are Subject to Specific Jurisdiction.

### A.    The Illinois long-arm statute does not authorize personal jurisdiction over the Defendants in this case.

Plaintiff relies on its allegations of certain acts enumerated in subsection (a) of the Illinois long-arm statute in its effort to show that specific jurisdiction is present in this case:[2]   (i)

---

[1]    Additionally, Defendants note at least three instances in which Plaintiff mischaracterizes, or outright misstates, the evidence in the record:  Plaintiff asserts that (1) "Continental … executed a promissory note … in Illinois, which was negotiated … in Illinois via telephone," but the relevant deposition testimony, which Plaintiff omits to cite, in fact shows that these events occurred in Houston, Texas, *see* Robins Dep. 24:17-25:5; (2) "Continental has sold samples of product to Restonic in Illinois," but Plaintiff omits the testimony immediately following that the samples were shipped "[d]irectly to Las Vegas," *see* Russo Dep. 63:21-24; and (3) "Continental has received commissions from Restonic in Illinois for sales … to a 'contract customer,'" but the cited testimony does not in any way show that commissions were received in Illinois, *see* Robins Dep. 64:19-65:2.  *See* Plaintiff's Opposition at 4-5; *see also id.* at 11.

[2]    "Specific jurisdiction refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'"  *RAR*, 107 F.3d at 1277 (*quoting*

transaction of business within Illinois; (ii) commission of a tortious act within Illinois; (iii) making or performance of a contract or promise substantially connected with Illinois; (iv) acquisition of ownership, possession or control of an asset or thing of value present within Illinois; and (v) breach of fiduciary duty within Illinois.  Plaintiff's Opposition at 7 (*quoting* 735 Ill. Comp. Stat. 5/2-209(a) (1), (2), (7), (10), (11)).

Each of these allegations will be addressed specifically in turn, but the overarching defect in Plaintiff's argument is the absence of any relationship whatsoever between Plaintiff's asserted causes of action and the enumerated acts occurring within Illinois on which Plaintiff would rely.  Subsection (a) of the statute, by its terms, confers jurisdiction over non-resident defendants only "as to any cause of action ***arising from*** the doing of any of such acts."  735 Ill. Comp. Stat. 5/2-209(a) (emphasis added).  Indeed, subsection (f) reiterates that "[o]nly causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon subsection (a)."  735 Ill. Comp. Stat. 5/2-209(f).

Five of the eleven counts in Plaintiff's Complaint are directed at Defendants:  breach of fiduciary duty of loyalty, aiding and abetting breach of fiduciary duty of loyalty, tortious interference with prospective economic advantage with Lady Americana, tortious interference with prospective economic advantage with Mattress Giant and tortious interference with sublicense agreement between Plaintiff and Restonic Mattress Corporation.  *See* Complaint at Counts II, III, V, VII, IX; Defendants' Memorandum in Support of Motion to Dismiss at 2.  These asserted causes of action do not "aris[e] from" any of the enumerated acts set forth in subsection (a) of the long-arm statute on which Plaintiff relies, as required by that subsection and by subsection (f), and Plaintiff does not even claim that the conduct alleged in the Complaint

---

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).  Plaintiff does not argue that Defendants are subject to general jurisdiction.  *See* Plaintiff's Opposition at 7 (*quoting* 735 Ill. Comp. Stat. 5/2-209(a), (c)), and *infra* Section II.

actually occurred within Illinois.  Plaintiff's reliance on the allegations set forth in its Opposition thus fails.

1.     **Defendants' unrelated business transactions with Restonic do not support personal jurisdiction in this case under subsection (a)(1) of the long-arm statute.**

Plaintiff focuses exclusively on Defendants' business relationships with co-defendants Restonic Corporation ("Restonic") and Restonic Mattress Corporation ("RMC") in its attempt to show that Defendants transact business within Illinois.  Plaintiff recites, variously, that "Continental became a Restonic sub-licensee in 1981 and has been associated with Restonic ever since that time," "the Sub-License Agreements were entered into in the State of Illinois," and "the Sub-License Agreement clearly contemplates that Defendants, for their part, will perform a significant part of the License Agreement in Illinois."  Plaintiff's Opposition at 8.  Plaintiff summarizes this argument with its assertion that "the fact that Defendants initiated the Sub-License Agreements with Restonic and RMC in Illinois, entered into the Sub-License Agreements in Illinois, performed the Sub-License Agreements in Illinois and negotiated the Sub-License Agreements in Illinois, would be enough to exercise jurisdiction over the Defendants."  *Id.* at 9.

This argument clearly misses the point.  If anything, Plaintiff has shown only that these facts taken together "would be enough to exercise jurisdiction over the Defendants" ***in an action based on the Sub-License Agreements between Restonic and RMC, and the Defendants***.  Even Plaintiff itself correctly recites the rule in its quotation of applicable precedents:  "Illinois Courts have held that 'one business transaction ***related to the cause of action*** is clearly a sufficient basis for jurisdiction,'" *id.* (*quoting J. Walker & Sons v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 402 (7th Cir. 1987)) (emphasis added); "'A single transaction ***which gives rise to the cause of action*** … will support jurisdiction over a defendant,'" *id.* (*quoting Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 281 (7th Cir. 1990)) (emphasis added).  Plaintiff

does not even attempt to tie its asserted causes of action to the sub-license agreements, which it cannot do.[3]

Notably, in the midst of its discussion of Defendants' business relationships with Restonic and RMC, Plaintiff highlights a few specific aspects in an apparent attempt to invoke additional case law. In each instance, however, Plaintiff overstates the holdings on which it would rely. For example, Plaintiff notes that "the Sub-License Agreements provide that [they] will be governed by the internal laws of the State of Illinois," and argues that this "automatically subject[s] Defendants to jurisdiction of the Illinois Courts." *Id.* at 8. Plaintiff purports to cite *Bank of Montreal v. McKenzie Methane Corp.*, 1993 U.S. Dist. LEXIS 14654 (N.D. Ill. Oct. 18, 1993), for this proposition, but in doing so Plaintiff overstates that precedent. Unlike this lawsuit, *Bank of Montreal* was an **action on the contract** containing the choice of law provision, itself. *Id.* at *1. If, as the court noted, "a choice of law provision standing alone would be insufficient to confer jurisdiction," *id.* at *13, it certainly is not sufficient in this case, in which Plaintiff's asserted causes of action are not based on or related to the sub-license agreements, even though the agreements provide for Illinois law to govern.

Similarly, Plaintiff asserts that "Continental has paid monthly license fees to RMC in the form of a check sent by mail to RMC in Illinois since it first became a Restonic sub-licensee in 1981," and cites *Ben Kozloff, Inc. v. H&G Distributors, Inc.*, 717 F.Supp. 1336, 1338 (N.D. Ill. 1989), in which Kozloff's invoices called for payment by H&G in Illinois. Plaintiff's Opposition at 8-9. Of course, personal jurisdiction in *Kozloff* was proper because it was an **action for payment** of those invoices. 717 F.Supp. at 1337. Finally, Plaintiff relies on *Heritage House*, 906 F.2d at 281, in arguing that a non-resident defendant's physical presence is not necessary and

---

[3] Plaintiff also mentions, but does not base its argument on, other transactions that are entirely unrelated to its asserted causes of action, including an unrelated promissory note with RMC, the purchase of point-of-purchase and marketing materials, reimbursement requests, the provision of product samples, and commissions for contract sales. *See* Plaintiff's Opposition at 4-5, 7.

that personal jurisdiction can instead be justified on the Defendants' "ongoing business relationship with RMC and Restonic in Illinois … that clearly involved extensive use of telephone and mail contact." Plaintiff's Opposition at 9. Yet again, the cause of action in *Heritage House* arose directly out of the telephone and mail contacts in question. 906 F.2d at 278, 281. In this case, Plaintiff has not alleged telephone and mail contacts between the defendants and Plaintiff, undoubtedly because the Plaintiff is located in Florida, not Illinois, and the asserted causes of action do not arise out of any such contacts anyway.[4]

In summary, Plaintiff's recitation of Defendants' business relationships with Restonic and RMC under the sub-license agreements does nothing to bring this case within the ambit of the "transaction of business" prong of the Illinois long-arm statute. 735 Ill. Comp. Stat. 5/2-209(a)(1). Plaintiff's asserted causes of action simply are not related to and do not arise out of these relationships. The statute expressly requires that each cause of action "aris[e] from" any transaction of business, *id*. and 735 Ill. Comp. Stat. 5/2-209(f), and in each of the precedents on which Plaintiff purports to rely the causes of action did so and in that critical respect those precedents are easily distinguished from this case. Plaintiff has not shown, much less proven "to a reasonable probability," *Kohler*, 196 F.Supp.2d at 696, that Defendants transact business in Illinois within the meaning of subsection (a)(1) of the Illinois long-arm statute.

**2.    Defendants' travel to Illinois on business unrelated to Plaintiff's claims does not subject them to personal jurisdiction in this case.**

Travel into Illinois is not one of the acts enumerated in subsection (a) of the long-arm statute, but as Plaintiff bases its second argument on such travel Defendants will address the argument in the same order in which it is presented. *See* Plaintiff's Opposition at 9-10.

---

[4] Even if Plaintiff were located in Illinois, "mail from a foreign defendant to individuals within the forum state is insufficient by itself to provide a basis for the exercise or [sic] personal jurisdiction," unless "the communication constitutes a 'tortious act.'" *Birnberg v. Milk Street Residential Assocs.*, 2003 U.S. Dist. LEXIS 806 at *14 (N.D. Ill. Jan. 21, 2003). In this case, Plaintiff alleges only non-tortious telephone and mail contact between the Defendants and Restonic and RMC. Plaintiff's Opposition at 9.

Plaintiff's apparent intention is to treat Defendants' travel into Illinois in the context of subsection (a)(1), as evidence of the "transaction of business" in Illinois, as the precedent Plaintiff cites arose in that context. *See id.* at 10 (*citing Scovill Mfg. Co. v. Dateline Electrical Co.*, 461 F.2d 897 (7th Cir. 1972) (holding that "defendant who sends an agent into Illinois to solicit or to negotiate a contract is transacting business within the" meaning of the long-arm statute)). This argument fails for the same reason discussed at length above: Just as Plaintiff's asserted causes of action are not related to and do not arise out of any business transacted by Defendants in Illinois, so, too, are they unrelated to any of Defendants' travel into Illinois.

"To establish specific jurisdiction based on the defendant's travel to the forum state, the travel must have been significantly related to the dispute at issue." *Birnberg*, 2003 U.S. Dist. LEXIS 806 at *25. Plaintiff points to deposition testimony establishing only that "Defendants regularly send employees to Illinois to participate in business meetings for Restonic, RMC and Sleep Alliance." Plaintiff's Opposition at 9; *see also id*. at 2-4 (discussing various travel into Illinois for, *inter alia*, Restonic marketing, licensing, manufacturing and shareholder meetings, meetings of co-defendant Sleep Alliance, LLC, and meetings with vendors). None of these instances of travel into Illinois is at all related, much less "significantly related" to Plaintiff's asserted causes of action. Accordingly, they cannot serve as a basis for specific jurisdiction in this action.[5]

### 3. Defendants' acquisition and ownership of RMC stock does not bring them within subsection (a)(10) of the long-arm statute.

Plaintiff suggests, but without any elaboration or citation to legal authority, that Defendants' ownership of shares of stock in RMC is somehow relevant to the issue of personal

---

[5] Defendants also note that Plaintiff asks this Court to consider instances of travel occurring after the filing of this lawsuit. *See* Plaintiff's Opposition at 2-3 (licensing meeting in Illinois in the week following Mr. Robins' deposition); *id*. at 3-4 (Mr. Ford's travel to Illinois in 2008). However, "jurisdiction is normally determined as of the date of the filing of the suit." *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002).

jurisdiction under subsection (a)(10) of the long-arm statute (acquisition of ownership, possession or control of an asset or thing of value). It is not. None of Plaintiff's asserted causes of action "aris[es] from" such stock ownership. 735 Ill. Comp. Stat. 5/2-209(a), (f). Moreover, "the general rule [is] that corporate ownership alone is not sufficient for personal jurisdiction." *Kohler*, 196 F.Supp.2d at 699 (*quoting Central States v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000), but inadvertently referring to *RAR*). This argument is plainly unavailing.

### 4. Plaintiff has not proven, or even alleged, that Defendants breached any fiduciary duty within Illinois as required to assert personal jurisdiction under subsection (a)(11) of the long-arm statute.

Contrary to Plaintiff's assertion in its Opposition, the Complaint does not "clearly allege" a breach of fiduciary duty within Illinois. *See* Plaintiff's Opposition at 10. Indeed, conspicuously absent from the relevant portions of the Complaint is any mention at all of the word "Illinois." *See* Complaint at ¶¶ 39-40, 48-50, 52-53, 76-80, 82-86. In *Polansky v. Anderson*, 2005 U.S. Dist. LEXIS 37948 (N.D. Ill. Dec. 29, 2005), this Court applied the straightforward language of subsection (a)(11) of the Illinois long-arm statute: "the complaint does not allege that [defendant] made the alleged wrongful statements in Illinois …. [t]herefore, we cannot say that [defendant] breached a fiduciary duty within Illinois." *Id.* at *18-*19. Similarly, in *West Virginia Laborers Pension Trust Fund v. Caspersen*, 829 N.E.2d 843 (Ill. App. Ct. 2005), the plaintiff "failed to establish that defendants breached their fiduciary duty within Illinois" as required under subsection (a)(11) because "[n]one of the acts that plaintiff alleges amounted to a breach of defendants' fiduciary duty occurred in Illinois." *Id.* at 849. The same result obtains in this case, as Plaintiff has not even alleged the breach of a fiduciary duty within Illinois.[6]

---

[6] Plaintiff incorrectly refers to Defendants as "majority shareholders and board members of RMC." Plaintiff's Opposition at 10. Sleep Alliance, LLC, not Defendants, is the majority shareholder, and neither of the Defendants is a board member of RMC.

**5.      Personal jurisdiction cannot be based on either of the other acts enumerated in subsection (a) of the long-arm statute cited by Plaintiff.**

In addition to the enumerated acts discussed above, Plaintiff cites subsections (a)(2) and (a)(7) of the long-arm statute, which involve, respectively, the commission of a tortious act within Illinois and the making or performance of a contract or promise substantially connected with Illinois.  *See* Plaintiff's Opposition at 7.  However, Plaintiff does not offer any argument based on either of these subsections.  *See id.* at 7-10.

Even if Plaintiff were to argue that personal jurisdiction is proper under subsection (a)(2), such an argument would necessarily fail for the same reason that Plaintiff's argument under subsection (a)(11) (breach of fiduciary duty within Illinois), discussed above, fails:  Plaintiff has not alleged the commission of a tortious act within Illinois.  *See Birnberg*, 2003 U.S. Dist. LEXIS 806 at *15-*16 (under subsection (a)(2), a tortious act must be "committed within the state"); *Sullivan v. Rilling*, 1996 U.S. Dist. LEXIS 555 at *13 (N.D. Ill. Jan. 22, 1996) (the situs of the tort is the place where the action was taken, and even if injury is felt in Illinois that does not mean that the tort was committed in Illinois for purposes of long-arm jurisdiction); *Young v. Colgate-Palmolive Co.*, 790 F.2d 567, 570-71 (7th Cir. 1986) (same).

As noted, Plaintiff's Opposition does not include argument based on subsection (a)(7), though Plaintiff does mention the "making and performing [of] a contract in the state of Illinois." Plaintiff's Opposition at 1, 6-7.  These references appear to be directed instead at subsection (a)(1) (transaction of business within Illinois), as Plaintiff's statement of jurisdiction in the Complaint alleges that Defendants "made or performed a contract or promise substantially connected with Illinois and thereby transacted business in Illinois…."  Complaint at ¶ 2.  As demonstrated above, personal jurisdiction in this case cannot be based on these alleged activities because Plaintiff's asserted causes of action are not related to and do not arise out of any such contract or promise or the transaction of any business within Illinois.  *See supra* Section I.A.1.

6.    **Plaintiff does not point to any other basis for the exercise of personal jurisdiction under subsection (c) of the long-arm statute.**

The addition of subsection (c) to the long-arm statute, effective since 1989, expanded long-arm jurisdiction in Illinois to the constitutional limits.  Subsection (c) provides that "[a] court may also exercise jurisdiction on any other basis [in addition to those enumerated in subsection (a)] now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."  735 Ill. Comp. Stat. 5/2-209(c); *see Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714 (7th Cir. 2002).  Plaintiff's Opposition does not advance any arguments under subsection (c), separate and apart from subsection (a).  Rather, Plaintiff proceeds directly to its due process argument, to which Defendants will now respond.

B.    **The exercise of personal jurisdiction over the Defendants would violate the due process guarantees of the Illinois and United States Constitutions.**

Under Article 1, Section 2 of the Illinois Constitution, "[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois."  *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990).  Although the state and federal due process guarantees are distinct, the Seventh Circuit has recognized that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction."  *Hyatt*, 302 F.3d at 715.  Thus, "the two constitutional analysis [sic] blend together," *GMAC*, 2005 U.S. Dist. LEXIS 12589 at *8 (quotation omitted), and courts in Illinois "evaluate[ ] jurisdictional questions using federal constitutional jurisprudence."  *Gencor Pacific, Inc. v. Nature's Thyme, LLC*, 2007 U.S. Dist. LEXIS 29995 at *7 (N.D. Ill. Apr. 24, 2007).

For a court to exercise personal jurisdiction over a non-resident defendant, federal due process requires that the defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial

justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted).  The

defendant must have "purposefully established" minimum contacts in the forum state, "such that

he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*,

471 U.S. 462, 474 (1985) (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,

297 (1980)).  "[I]t is essential in each case that there be some act by which the defendant

purposefully avails itself of the privilege of conducting activities within the forum State, thus

invoking the benefits and protections of its laws."  *Id.* at 475 (*quoting Hanson v. Denckla*, 357

U.S. 235, 253 (1958)).

      In attempting to show minimum contacts, Plaintiff again recites some of Defendants'

business transactions with Restonic and RMC, none of which give rise to Plaintiff's asserted

causes of action.  *See* Plaintiff's Opposition at 11.[7]  This is fatal to Plaintiff's argument for

specific jurisdiction.  Due process requires that the suit "arise out of" or "be related to" a

defendant's minimum contacts with the forum state, so that there is "a degree of predictability to

the legal system that allows potential defendants to structure their primary conduct with some

minimum assurance as to where that conduct will and will not render them liable to suit."  *Hyatt*,

302 F.3d at 716 (*quoting World-Wide Volkswagen*, 444 U.S. at 297).  "The focus of the court's

inquiry thus must be on 'the relationship among the defendant, the forum, ***and the litigation***.'"

*Heritage House*, 906 F.2d at 283 (*quoting Shaffer v. Heitner*, 433 U.S. 186, 204 (1977))

(emphasis added).  Indeed, "a court may only consider the dealings between the parties with

respect to the claim at issue in assessing minimum contacts."  *Polansky*, 2005 U.S. Dist. LEXIS

---

[7] Once again, Plaintiff misstates the evidence in the record.  Plaintiff maintains that "Defendants … ship[ ] bedding samples to Restonic in Illinois," yet the testimony Plaintiff cites does not support that assertion.  *See* Plaintiff's Opposition at 11.  In fact, Plaintiff omits from its citation contradictory testimony.  *See* Robins Dep. 52:5-6 ("Q. In Chicago?  A. I don't know that."), *id*. 53:14-16 (different shipping address is "[a]bsolutely possible").  Significantly, Plaintiff's counsel even got clarification of the point:  "Q. Okay. So when it says 'Ship to' on this invoice, it may not mean it was actually shipped to [Restonic]?  A. That's correct."  *Id.* 56:16-19.

37948 at *13 (*citing RAR*, 107 F.3d at 1278).  Here, there are no such dealings even remotely related to Illinois.

Further, the maintenance of this suit in Illinois would offend traditional notions of fair play and substantial justice.  In evaluating this standard, courts balance "(1) the interest of the state in providing a forum to the plaintiff; (2) the interest of the state in regulating the activity involved; (3) the burden of defense in the forum on the defendant; (4) the relative burden of prosecution elsewhere on the plaintiff; (5) the extent to which the claim is related to the defendant's local activities; and (6) the avoidance of a multiplicity of suits on conflicting adjudications."  *Birnberg*, 2003 U.S. Dist. LEXIS 806 at *11-*12 (*citing Asahi Metal Inds. Co. v. Super Ct. of Cal.*, 480 U.S. 102, 115 (1987); *Burger King*, 471 U.S. at 472-73, 476-77).  Each and every one of these factors weighs against the exercise of personal jurisdiction in this case, but especially clear are "the most important factors to consider[, which] are the interests of the forum and the relative convenience of the defendant in litigating in that forum."  *Id.* (*citing Kohler*, 196 F.Supp.2d at 700).

Illinois has no meaningful interest in providing a forum to this plaintiff or in regulating the activity alleged in the Complaint, as the claims asserted are not at all related to the Defendants' local activities, which involve only Restonic and RMC.  Most of all, the relative *in*convenience of the Defendants in litigating in Illinois compels dismissal of this case.  Plaintiff seizes on the deposition testimony of Mr. Russo that Chicago was a convenient location for a Sleep Alliance meeting that occurred in the afternoon following a general meeting of Restonic.[8] *See* Plaintiff's Opposition at 12-13.  Thus, Plaintiff proclaims, "If Chicago was a convenient forum in which to conduct business for the members of the Sleep Alliance, all of whom are defendants in the instant litigation, then there is no means by which Defendants could now

---

[8] Plaintiff does not explain how it is that Mr. Russo speaks for the Defendants or that his testimony constitutes an admission on their part.  *See* Plaintiff's Opposition at 12-13.

successfully contend that Illinois is not a convenient forum for the adjudication of the instant litigation." *Id.* at 13.  But as the Seventh Circuit, drawing on the Supreme Court's ruling in *World-Wide Volkswagen*, has recognized, a business meeting in one context does not subject a potential defendant to jurisdiction in an unrelated lawsuit:

> Thus, when conducting business with a forum in one context, potential defendants should not have to wonder whether some aggregation of other past and future forum contacts will render them liable to suit there.  Unless their contacts are continuous and systematic enough to rise to the level of general jurisdiction, individuals and corporations must be able to conduct interstate business confident that transactions in one context will not come back to haunt them unexpectedly in another.

*RAR*, 107 F.3d at 1277.  Defendants' participation in business meetings of Restonic and Sleep Alliance, none of which give rise to Plaintiff's asserted causes of action, cannot now come back to haunt them unexpectedly by serving as a basis for jurisdiction in this lawsuit.  Requiring Defendants to litigate this action in Illinois would clearly offend traditional notions of fair play and substantial justice.

## II.    **Defendants Are Not Subject to General Jurisdiction in Illinois.**

Plaintiff has not alleged that Defendants have such "continuous and systematic general business contacts" with Illinois so as to be subject to general jurisdiction in Illinois.  *RAR*, 107 F.3d at 1277 (*quoting Helicopteros Nacionales*, 466 U.S. at 416).  Instead, Plaintiff argues for specific jurisdiction pursuant to subsections (a) and (c) of the long-arm statute, discussed above.  "The applicable section of the Illinois long-arm statute for exercising general jurisdiction over a [non-resident defendant] is 735 ILCS 5/2-209(b)(4)."  *Gencor*, 2007 U.S. Dist. LEXIS 29995 at *11 n.4.[9]  Accordingly, any argument for general jurisdiction is waived.  *RAR*, 107 F.3d at 1277.

---

[9] Subsection (b)(4) of the long-arm statute codifies the "doing business" test for general jurisdiction, which is distinct from the "transaction of business" basis for specific jurisdiction pursuant to subsection (a)(1) (*supra* Section I.A.1).  *See Riemer v. KSL Recreation Corp.*, 807 N.E.2d 1004, 1012 (Ill. App. Ct. 2004) ("the 'doing business' doctrine results in the assertion of 'general' jurisdiction over a corporation, and the long arm statute results in the assertion of 'specific' jurisdiction over a corporation.").

Even if Plaintiff were to argue for general jurisdiction, however, the Defendants' contacts with Illinois do not even come close to being so "continuous and systematic" as to support general jurisdiction. "The general jurisdiction standard is 'a fairly high standard requiring a great amount of contacts.'" *Birnberg*, 2003 U.S. Dist. LEXIS 806 at *11 (*quoting Jamik, Inc. v. Days Inn of Mount Laurel*, 74 F.Supp.2d 818, 822 (N.D. Ill. 1999)). Indeed, "[g]eneral jurisdiction is found when a defendant has such an extensive relationship with the forum state that it is in essence indistinguishable from a resident party." *Gencor*, 2007 U.S. Dist. LEXIS 29995 at *7. The defendant must have "[i]n effect … taken up residence in Illinois." *Riemer*, 807 N.E.2d at 1012.

The Defendants are not "doing business within" Illinois such that they would be subject to personal jurisdiction under subsection (b)(4). "Neither maintains an office, mailing address, or telephone number in Illinois. Nor do they have any agents, employees, or real property in Illinois." *Haedike v. Kodiak Research, Ltd.*, 814 F.Supp. 679, 682 (N.D. Ill. 1992). Plaintiff asks this Court to consider the brief stint of Deb Gory, an Illinois resident who for about a year "assist[ed] with the installation of a computer software program for the operation of Continental's business." Plaintiff's Motion to Supplement the Record at 1.[10] But even with this fact in the record, the mere hiring of a contract worker who happens to be from Illinois, but is engaged solely to assist with a computer program for use in Texas, cannot possibly amount to "the 'fair measure of permanence and continuity' necessary for jurisdiction under [the 'doing business'] doctrine." *E.J. McGowan & Assocs., Inc. v. Biotechnologies, Inc.*, 736 F.Supp. 808,

---

[10] Once more still, Plaintiff misrepresents the evidence. Plaintiff states that "Ms. Gory performed services for Continental in Illinois," but the cited testimony shows only that she "did contract stuff for us," without any indication of where the services were performed. Ford Dep. 34:11-20. Also, Plaintiff asserts that Ms. Gory was paid "as an employee of Continental," but the cited testimony suggests otherwise: "Q. And do you recall how Ms. Gory was paid? Was she paid as an independent contractor, given a 1099; or was she paid as an employee and issued a W-2? A. I believe she was paid with a 1099, but I'm not entirely certain." Robins Dep. 13:17-21. *See* Motion to Supplement at 2.

810 (N.D. Ill. 1990) (citations omitted).[11]  As Plaintiff clearly cannot show that the Defendants have "such an extensive relationship with [Illinois] that [they are] in essence indistinguishable from a resident party," *Gencor*, 2007 U.S. Dist. LEXIS 29995 at *7, general jurisdiction is plainly not available in this case.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum of Law in Support thereof, Defendants are entitled to dismissal of all claims against them in this action on the basis of lack of personal jurisdiction.  Wherefore, Defendants respectfully pray for dismissal of all of Plaintiff's claims against them and further request that they have and recover their costs, including attorneys' fees, and such other and further relief to which they are justly entitled.

Dated:  September 10, 2008                    Respectfully submitted,

                                              FULBRIGHT & JAWORSKI, L.L.P.

                                              /s/  Andrew S. Friedberg
                                              _____
                                              William P. Maines
                                              Texas State Bar No. 12849700
                                              (admitted *pro hac vice*)
                                              Andrew S. Friedberg
                                              Texas State Bar No. 24053212
                                              (admitted *pro hac vice*)
                                              1301 McKinney, Suite 5100
                                              Houston, TX  77010-3095
                                              Telephone:  (713) 651-5151
                                              Facsimile:  (713) 651-5246

                                                   - and -

                                              Thomas J. Lyman, III, Esq.
                                              ARDC No. 6194687
                                              Glen E. Amundsen, Esq.
                                              ARDC No. 3126776
                                              SMITH AMUNDSEN, LLC

---

[11] Of course, this fact also cannot support an argument for specific jurisdiction because it bears no relation whatsoever to Plaintiff's asserted causes of action.  *See supra* Section I.B.

150 North Michigan Avenue, Suite 3300
Chicago, IL  60601
Telephone:  (312) 894-3241
Facsimile:  (312) 894-3210

*ATTORNEYS FOR DEFENDANTS*
*CONTINENTAL SILVERLINE PRODUCTS*
*L.P. AND DREW ROBINS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure upon all known counsel of record on this, the 10th day of September, 2008.

*/s/  Andrew S. Friedberg*