UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROYAL SLEEP PRODUCTS, INC.,<br>a Florida Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RESTONIC CORPORATION,<br>an Illinois Corporation,<br>RESTONIC MATTRESS CORPORATION,<br>an Illinois Corporation,<br>SLEEP ALLIANCE, LLC,<br>a Delaware Limited Liability Company,<br>ROYAL BEDDING COMPANY OF<br>BUFFALO,<br>a New York Corporation,<br>JACKSON MATTRESS CO. LLC,<br>a North Carolina Limited Liability Company,<br>CONTINENTAL SILVERLINE<br>PRODUCTS L.P.,<br>a Texas Limited Partnership,<br>STEVENS MATTRESS<br>MANUFACTURING CO.,<br>a North Dakota Corporation,<br>TOM COMER, JR., an individual,<br>DREW ROBINS, an individual, and<br>RICHARD STEVENS, an individual,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:07-CV-06588 |

## DEFENDANTS SLEEP ALLIANCE, ROYAL BEDDING, JACKSON MATTRESS, AND TOM COMER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Sleep Alliance, LLC ("Sleep Alliance"), Royal Bedding Company of Buffalo

("Royal Bedding"), Jackson Mattress Company, LLC ("Jackson Mattress"), and Thomas J.

Comer, Jr. ("Mr. Comer") (collectively "defendants") present this Reply Memorandum of Law

in support of their Motion to Dismiss the Complaint of ROYAL SLEEP PRODUCTS, INC.,

("plaintiff"), specifically counts I to X for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

**Statement of Facts**

**A.    Mr. Comer Never Had Even De Minimus Contacts with the State of Illinois**

Mr. Comer is Chief Executive Officer ("CEO") of Sleep Alliance, Royal Bedding and Jackson Mattress and owner of Royal Bedding and Jackson Mattress at all times relevant to Royal Sleep Products' claims.  (see Mr. Comer Affidavit #1 at ¶ 2 and 3).   Throughout all relevant times in the complaint, Mr. Comer maintained his office at 19 Doat Street, Buffalo, New York 14211 and still has his office at this address.  (see Mr. Comer Affidavit #1 at ¶ 4).  Mr. Comer never traveled to Illinois to sell mattresses in Illinois for Sleep Alliance, Royal Bedding or Jackson Mattress. (see Mr. Comer Affidavit #1 at ¶ 10).  Mr. Comer never traveled to Illinois for meetings to sell mattresses in Illinois. (see Mr. Comer Affidavit #1 at ¶ 10).  Mr. Comer has never maintained an office or place of business in Illinois at all relevant times.  (see Mr. Comer Affidavit #1 at ¶ 4).  Mr. Comer has never been a resident or citizen of Illinois at all relevant times. (see Mr. Comer Affidavit #1 at ¶ 1).  Mr. Comer has never owned real estate in Illinois pertaining to any of his businesses at all relevant times.  (see Mr. Comer Affidavit #1 at ¶ 7).  Mr. Comer does not have any bank accounts in Illinois.  (see Mr. Comer Affidavit #1 at ¶ 8).  Mr. Comer never has been liable for Illinois income taxes at all relevant times.  (see Mr. Comer Affidavit #1 at ¶ 9).

**B.    Sleep Alliance Never Had Even De Minimus Contacts with the State of Illinois**

Sleep Alliance maintains its office at 19 Doat Street, Buffalo, New York 14211.  (see Mr. Comer Affidavit #2 at ¶ 3).  No one from Sleep Alliance traveled to Illinois for meetings to sell mattresses in Illinois.  (see Mr. Comer Affidavit #2 at ¶ 9).  Sleep Alliance has never maintained

an office or place of business in Illinois.  (see Mr. Comer Affidavit #2 at ¶ 3).  Sleep Alliance has

never owned real estate in Illinois.  (see Mr. Comer Affidavit #2 at ¶ 6).  Sleep Alliance does not

have any bank accounts in Illinois.  (see Mr. Comer Affidavit #2 at ¶ 7).  Sleep Alliance has

never been liable for Illinois income taxes.  (see Mr. Comer Affidavit #2 at ¶ 8).

### C.    Royal Bedding and Jackson Mattress Never Had Even De Minimus Contacts with the State of Illinois

Royal Bedding and Jackson Mattress maintains its office at 19 Doat Street, Buffalo, New

York and 3154 Camden Road, Fayetteville, North Carolina 28306, respectively.  (see Mr. Comer

Affidavit #3 and #4 at ¶ 3).   No one from Royal Bedding and Jackson Mattress traveled to

Illinois for meetings to sell mattresses.  (see Mr. Comer Affidavit #3 and #4 at ¶ 9).   Royal

Bedding and Jackson Mattress have never maintained an office or place of business in Illinois.

(see Mr. Comer Affidavit #3 and #4 at ¶ 3).  Royal Bedding and Jackson Mattress have never

owned real estate in Illinois.  (see Mr. Comer Affidavit #3 and #4 at ¶ 6).  Royal Bedding and

Jackson Mattress does not have any bank accounts in Illinois.  (see Mr. Comer Affidavit #3 and

#4 at ¶ 7).  Royal Bedding and Jackson Mattress never has been liable for Illinois income taxes.

(see Mr. Comer Affidavit #3 and #4 at ¶ 8). It is important to note that Plaintiff's response

attempts to cloud the actual contacts of the defendants to its favor.[1]

---

[1] Plaintiff's citations to Tom Comer, Jr.'s testimony in their statement of facts are at two points unclear. Plaintiff cites the contacts of Randy Bancroft, President of Jackson Mattress in paragraphs 15 and 16. They state first that Randy Bancroft traveled to Illinois four times in 2007. Then in paragraph 16 state that he "traveled to Illinois on three other occasions for certification of Jackson Mattress' product to meet the new federal fire regulations." However, this accounting of Mr. Bancroft's travel is inaccurate as the three "other occasions" are actually part of the only four visits he made in 2007. Mr. Bancroft traveled to Illinois in 2007 three times for certification testing and one time for a Restonic fire-retardancy meeting. (Comer dep., pg 33: 8-18).

Secondly, Plaintiff cites in paragraph 25 to Royal Bedding and Jackson Mattress "routinely" using "Illinois-based companies to provide the products and services necessary to run" their companies. In actuality, Mr. Comer testified that they would only use CDW for computer supplies and he was not even sure if CDW was based out of Illinois. (Comer dep., pg 74-75: 18-25; 1-9). Royal Bedding and Jackson Mattress do not use Illinois-based companies to provide the products and services necessary to run their company as their companies are based out of New York and North Carolina.

I. **PLAINTIFF'S RESPONSE HAS NOT PROVEN THAT DEFENDANTS ARE SUBJECT TO SPECIFIC JURISDICTION**

A. **Sleep Alliance, Royal Bedding, Jackson Mattress, and Mr. Comer Should Be Dismissed From the Case Because They Are Not Subject To Personal Jurisdiction in this Forum**

In a case such as this based on diversity jurisdiction, a federal district court only has personal jurisdiction over a defendant "if a court of the state in which it sits would have such jurisdiction." *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F. 3d 1272 (7th Cir. 1997). Under Illinois law, a plaintiff bears the burden of providing sufficient facts to establish personal jurisdiction. *McIlwee v. ADM Indus., Inc.,* 17 F. 3d 222, 223 (7th Cir. 1994).

Faced with a challenge to personal jurisdiction over Sleep Alliance, Royal Bedding, Jackson Mattress, and Mr. Comer, under Illinois law, Royal Sleep Products must demonstrate each element of a three-part inquiry: (1) the state long-arm statute allows jurisdiction; (2) the assertion of jurisdiction complies with state due process standards; and (3) the assertion of jurisdiction complies with federal due process standards. *RAR,* 107 F. 3d at 1276. "Because the Illinois [long-arm] statute authorizes personal jurisdiction to the constitutional limits, the three inquiries mentioned above collapse into two constitutional [due process] inquiries – one state and one federal." *Id.* at 1276. "If jurisdiction is improper under either federal or Illinois due process, this court cannot exercise jurisdiction over the defendant." *Glass v. Kemper Corp.,* 930 F. Supp. 332, 338 (N.D. Ill. 1996), *aff'd,* 133 F. 3d 999 (7th Cir. 1998).

Plaintiff attempts to connect each of its allegations against defendants to the Illinois long-arm statute. However, as the statute states, for the long-arm statute to apply contacts must be connected to the causes of action. Subsection (a) of the statute, by its terms, confers jurisdiction over non-resident defendants only "as to any cause of action *arising from* the doing of any of such acts." 735 Ill. Comp. Stat. 5/2-209(a) (emphasis added). Indeed, subsection (f) reiterates

- 4 -

that "[o]nly causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon subsection (a)." 735 Ill. Comp. Stat. 5/2-209(f).

Plaintiff asserts 10 of its 11 claims in its Complaint against Sleep Alliance, Royal Bedding, Jackson Mattress, and Mr. Comer respectively.  Count I is against Mr. Comer and alleges a breach of fiduciary duty of loyalty.  Count II is against Sleep Alliance and Jackson Mattress and others and alleges a breach of fiduciary duty of loyalty.  Count III is against Sleep Alliance and Jackson Mattress and alleges aiding and abetting breach of fiduciary duty of loyalty.  Count IV is against Mr. Comer and alleges tortious interference with prospective economic advantage with Lady Americana.  County V is against Sleep Alliance and Jackson Mattress and others and alleges tortious interference with prospective economic advantage with Lady Americana.  Count VI is against Mr. Comer and alleges tortious interference with prospective economic advantage with Mattress Giant.  Count VII is against Sleep Alliance and Jackson Mattress and others and alleges tortious interference with prospective economic advantage with Mattress Giant.  Count VIII is against Mr. Comer only and alleges tortious interference with the sub-license agreement between the plaintiff and Restonic Mattress Corporation.  Count IX is against Sleep Alliance and Jackson Mattress and others and alleges tortious interference with the above-mentioned sub-license agreement.  Finally, Count X is against Mr. Comer and Jackson Mattress and alleges defamation.

In plaintiff's response to defendants' motion to dismiss, plaintiff states that defendants meet more than one element of the Illinois long-arm statute by: (1) making and performing a contract in Illinois; (2) regularly sending employees of defendants to conduct business in Illinois; (3) purchasing point-of-purchase and marketing materials from Restonic on a quarterly-basis in

Illinois; (4) sending sales reports and royalty payments on a monthly basis to Illinois; (5) routinely using Illinois-based companies to provide products and services to defendants; (6) acquiring stock of Restonic and RMC in the state of Illinois; (7) committing tortuous acts in the state of Illinois, including defamation; and (8) breaching their fiduciary duties by, amongst other things, usurping corporate opportunity and engaging in self-dealing. As stated in defendants' motion to dismiss for lack of personal jurisdiction, none of the alleged contacts are related to the alleged cause of actions and do not meet the requirements of the Illinois long-arm statute.

1.    **Defendants' business transactions with Restonic are unrelated to the causes of action and therefore do not support personal jurisdiction in this case**

Plaintiff attempts to show that defendants transact business within Illinois by connecting them with co-defendants Restonic Corporation ("Restonic") and Restonic Mattress Corporation ("RMC"). They state in relevant part that defendants (1) sought out Restonic and RMC for the purpose of, amongst other things, manufacturing bedding products for Restonic and RMC; (2) entered into the sub-license agreements in Illinois in which a choice of law provision states Illinois will be the court governing disputes; (3) performed significant business in Illinois through defendants' obligation to report total dollar sales and pay license fees to RMC; and (4) participated in telephone and mail contact with RMC. (Plaintiff's Opposition at 9-10.)   Plaintiff asserts these factors are more than sufficient basis to exercise jurisdiction over the defendants. *Id.* at 10.

The arguments fail to incorporate key language cited by Plaintiff in their own response, *i.e.*, "a single transaction *which gives rise to the cause of action* and amounts to defendant's purposeful availment 'of the privilege of conducting activities within the forum State' will support jurisdiction over a defendant." *Heritage House Restaurants, Inc. v. House Restaurants, Inc.*, 906 F. 2d 276, 281 (7th Cir. 1990). (Plaintiff's Opposition at 10.)

The causes of action are not related to defendants entering into sub-license agreements with Restonic and RMC and through those agreements being obligated to report total dollar sales and pay license fees to RMC. If the sub-license agreements were what gave rise to the causes of action alleged by Plaintiff then they may have a valid argument for subjecting defendants to jurisdiction in Illinois. However, as stated in defendants' motion to dismiss, entering into the sub-license agreements and meeting the obligations of those agreements have no bearing on Plaintiff's causes of action in this litigation.

Plaintiff also asserts in their response that the choice of law provision in the sub-license agreements which in part states that disputes, related to the sub-license agreement, will be governed by the internal laws of the State of Illinois and therefore automatically subjects defendants to jurisdiction in Illinois. (Plaintiff's Opposition at 9.) However, this argument overstates the holding in *Bank of Montreal v. McKenzie Methane Corp.*, 1993 U.S. Dist. LEXIS at * 8, as the court was adjudicating an action specifically related *to the contract.* The Court in *Bank of Montreal* held "a choice of law provision standing alone would be insufficient to confer jurisdiction," *id*. at *13. Once again, the causes of action alleged by Plaintiff do not arise out of the sub-license agreements and therefore the choice of law provision in and of itself is not enough to subject defendants to jurisdiction in Illinois.

Finally, Plaintiff contends that negotiation of pertinent agreements and the sub-license agreements, "clearly indicat[e] that the ordinary course of defendants' relationship with Restonic and RMC in Illinois involves extensive use of telephone and mail contact. (Plaintiff's Opposition at 10). They state that the court's holding in *Heritage House* supports their argument citing "[w]here a relationship is naturally based on telephone and mail contacts, these contacts can justify jurisdiction over the defendant." *Heritage House*, 906 F. 2d at 281. However, as stated

earlier this argument fails to incorporate key language of *Heritage House*, which states that the "**transaction *which gives rise to the cause of action***" decides whether Illinois courts will subject a defendant to Illinois jurisdiction. *Id. Heritage House* involved causes of action arising out of telephone and mail contact at issue in the litigation. *Id.* There are no alleged telephone or mail contacts between Plaintiff and defendants and as Plaintiff resides in Florida and defendants in New York and North Carolina respectively. The telephone and mail contacts do not give rise to Plaintiff's causes of action and therefore do not subject defendants to Illinois jurisdiction.

The business relationships alleged by Plaintiff under the sub-license agreements, the choice of law provision in the sub-license agreements and the telephone and mail contacts at no point give rise to any of Plaintiff's causes of action and therefore defendants should not be subjected to Illinois jurisdiction.

2. **Defendants' travel to Illinois on business is unrelated to Plaintiff's causes of action and therefore do not support personal jurisdiction in this case**

Plaintiff's argument fails again for the reasons discussed at length above and is not one of the acts enumerated in subsection (a) of the long-arm statute. Plaintiff attempts to connect the travel as one of conducting business in Illinois to bring the travel under the purview of the long-arm statute. (Plaintiff's Opposition at 11.) Plaintiff cites *Scovill Mfg. Co. v. Dateline Electrical Co.*, 461 F.2d. 897 (7th Cir. 1972), contending that the Court's holding reasons that if defendants sent agents to Illinois to transact business, then defendants should expect to possibly be sued in Illinois. However, at no time were defendants conducting business in Illinois of which gave rise to the Plaintiff's causes of action. As held in *Birnberg*, "[t]o establish specific jurisdiction based on the defendant's travel to the forum state, the travel must have been significantly related to the dispute at issue." *Birnberg*, 2003 U.S. Dist. LEXIS 806 at *25. The Plaintiff's causes of action do not arise out of defendants' travel to Illinois to conduct business and therefore the holding in

*Scovill* is not applicable to defendants in this case.

3.  **Defendants' acquisition of shares of stock of RMC in Illinois do not support personal jurisdiction in this case**

Plaintiff cites no legal authority for their contention that ownership of RMC stock subjects defendants to Illinois Jurisdiction. In Illinois "the general rule [is] that corporate ownership alone is not sufficient for personal jurisdiction." *Kohler*, 196 F.Supp.2d at 699 (*quoting Central States v. Reimer Express World Corp.*, 230 F.3d 934, 943 (2000). Defendants clearly should not be subjected to Illinois jurisdiction on this basis.

4.  **Plaintiff does not provide any evidence that Defendants interfered with negotiations between RMC and Mattress Giant in Illinois.**

Contrary to Plaintiff's argument, the Plaintiff failed to establish that defendants breached their fiduciary duty within Illinois as is required by the Illinois long-arm statute. (Plaintiff's Opposition at 11.) Plaintiff alleges that defendants breached their fiduciary duties by interfering with negotiations between RMC and Mattress Giant to engage in a business relationship. However, Plaintiff fails to cite any testimony or evidence that details any such interference with Mattress Giant in Illinois. Once again, Plaintiff's argument fails to subject defendants to Illinois jurisdiction.

5.  **Defendant Tom Comer, Jr. at no time made any defamatory statements regarding Lady Americana in Illinois or otherwise.**

Plaintiff cites *Mergenthaler Linotype Co. v. Leonard Storch Enter, Inc.*, 383 N.E.2d 1379 (Ill. App. ct. 1978), stating, "[a] single tortuous act occurring in Illinois will establish jurisdiction in Illinois, even though the defendant has no other contact in Illinois and has never been to Illinois." Once again, Plaintiff fails to follow the Court's reasoning as there is no evidence that Tom Comer, Jr. made any defamatory statements with regard to Lady Americana in Illinois.

Tom Comer, Jr. testified at his deposition that no meeting between himself and Mattress Giant occurred in Illinois. (Tom Comer, Jr. Deposition, pages 86-88). In addition, there is no evidence that Tom Comer, Jr. was in Illinois during any phone calls between himself and Mattress Giant and Lady Americana. Plaintiff's argument fails to subject defendants to Illinois jurisdiction.

### 6.    Defendant Tom Comer, Jr. is not subject to Illinois jurisdiction solely because of his position on the RMC Board of Directors

The present case is "virtually indistinguishable from other cases decided in this district dealing with . . . the issue of personal jurisdiction over non-resident officers and directors of corporations." *Allman v. McGann*, No. 2003 U.S. Dist. Lexis 5599, (N.D. Ill. April 3, 2003) at *10. Indeed, *Allman* and the cases cited therein demonstrate why personal jurisdiction over Sleep Alliance, Royal Bedding, Jackson Mattress, and Mr. Comer is lacking.

In *Allman*, an Illinois resident sued officers of his former employer in Illinois federal court, asserting claims against each for violations of the Wage Act (for failure to pay commissions) and for tortious interference with the plaintiff's contract rights with his former employer to receive those commissions. After conducting a thorough analysis of analogous precedent, the court explained that an officer's limited contacts with the litigation forum state during the course of business were not sufficient to establish the "minimum contacts" necessary to warrant a finding that the officer had "purposefully availed" himself of the state in such a way as to warrant haling him into court. *Id.* at *6-9. The court found that the defendant "never lived in Illinois, never owned property in Illinois, never paid taxes in Illinois, and never [had] been involved in any litigation in Illinois. *Id.* at *14.

Defendants in this case have never held certificates of authority to conduct business in Illinois, and they have never been registered to do business in Illinois. (see Affidavit #'s 1-4 at ¶ 12 and 13) The defendants have never had an office in Illinois. (see Affidavit #'s 1-4 at ¶ 3).

The defendants do not own, rent, or maintain real estate, personal property, or any other property in Illinois. (see Affidavit #'s 1-4 at ¶ 6). The defendants have not purposely attempted to solicit business, conduct marketing activities for the sale of mattresses in Illinois or sell mattresses or products in Illinois. (see Affidavit #'s 1-4 at ¶ 5). Finally, the defendants do not have a designated agent for service of process in Illinois. (see Affidavit #'s 1-4 at ¶ 12 and 13). The court's holding in *Morse v. E & B Coal Co.*, 634 N.E.2d 436 (Ill. App. Ct. 1994) as cited by Plaintiff in their response was applicable to E & B Coal Co.'s director as E & B Coal Co. did business in Illinois. Tom Comer, Jr. should not be subjected to Illinois jurisdiction based on his position on the RMC Board of Directors.

## II.        Constitutional analysis of Illinois Jurisdiction favors defendants not being subjected to Illinois jurisdiction

### A.    Sleep Alliance, Royal Bedding, Jackson Mattress, and Mr. Comer did not purposefully avail themselves of the privilege of conducting activities within Illinois

Plaintiff must demonstrate that Sleep Alliance, Royal Bedding, Jackson Mattress, and Mr. Comer "purposefully avail[ed] [itself or himself] of the privilege of conducting activities within [Illinois]," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), such that it or he should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "Because the Illinois [long-arm] statute authorizes personal jurisdiction to the constitutional limits, the three inquiries mentioned above collapse into two constitutional [due process] inquiries – one state and one federal." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F. 3d 1272, 1276 (7th Cir. 1997). "If jurisdiction is improper under either federal or Illinois due process, this court cannot exercise jurisdiction over the defendant." *Glass v. Kemper Corp.*, 930 F. Supp. 332, 338 (N.D. Ill. 1996), *aff'd*, 133 F. 3d 999 (7th Cir. 1998).

Plaintiff recites their arguments in favor of subjecting defendants to Illinois jurisdiction through the Illinois long-arm statute as reasoning to find that due process has been met and defendants should be subjected to Illinois jurisdiction. This argument fails for the same reasons it failed in their specific jurisdiction analysis. Due process requires that the suit "arise out of" or "be related to" a defendant's minimum contacts with the forum state, so that there is "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen*, 444 U.S. 286, 297 (1980) Plaintiff then inaccurately cites the holding in *Heritage House Restaurants, inc.* 906 F.2d at 283 by once again failing to incorporate the causes of action to the rest of the analysis used by the court. (Plaintiff's Opposition at 13). As stated by the Court in *Heritage House*, "[t]he focus of the court's inquiry thus must be on 'the relationship among the defendant, the forum, *and the litigation*." Specific jurisdiction arises when a defendant's contact with a forum are related to the controversy underlying the litigation. *Wilson v. Humphreys (Cayman) Ltd.,* 916 F.2d 1239, 1243 (7th Cir. 1990), *cert. denied*, 499 U.S. 947 (1991).

None of the assertions made by Plaintiff, that defendants (1) sought out Restonic and RMC for the purpose of, amongst other things, manufacturing bedding products for Restonic and RMC; (2) entered into the sub-license agreements in Illinois in which a choice of law provision states Illinois will be the court governing disputes; (3) performed significant business in Illinois through defendants' obligation to report total dollar sales and pay license fees to RMC; and (4) participated in telephone and mail contact with RMC, are evidence of contacts in Illinois that "arise out of" or "be related to" a defendant's minimum contacts with the forum state. (Plaintiff's Opposition at 9-10.)   Defendants should not be subjected to Illinois jurisdiction as it does not

meet the constitutional requirements.

**B.    Subjecting Sleep Alliance, Royal Bedding, Jackson Mattress, and Mr. Comer to Illinois jurisdiction would offend traditional notions of fair play and substantial justice**

Further, federal due process requires that Sleep Alliance, Royal Bedding, Jackson Mattress, and Mr. Comer have "minimum contacts with [Illinois] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Even if plaintiff could meet the "purposeful availment" requirement, exercising jurisdiction over the defendants would nonetheless be unreasonable and would "violate traditional notions of fair play and substantial justice." *Interlease Aviation Investors II (ALOHA) L.L.C. v. Iowa Corp.* ("ALOHA"), 262 F. Supp. 2d 898, 909 (N.D. Ill. 2003) In assessing reasonableness of jurisdiction, courts consider: (1) the burden on the defendant in litigating in the forum; (2) the interests of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) efficiency considerations; and (5) the interest in furthering fundamental substantive policies. *Id.* at 905. These factors strongly favor the defendants and not the plaintiff.

In the present case, the minimum contacts requirement with the forum state has not been met as evidenced by the four affidavits of Mr. Comer and the testimony given to date in this case. There is absolutely no reason why defendants would anticipate being brought into court in Illinois as they do not conduct any business in Illinois. In addition, it would be a burden on Sleep Alliance, Royal Bedding, Jackson Mattress, and Mr. Comer to litigate this lawsuit in Illinois. Further, Illinois has no interest in litigating these issues involving companies of different states who do not conduct business in Illinois. None of the defendants live in Illinois, or reside anywhere near Illinois. Plaintiff cites testimony that occasional business meetings would be held

- 13 -

in Illinois for convenience as a reason to allow Illinois jurisdiction, stating "it is clear that Illinois is a convenient forum for the defendants to litigate in." Defendants would occasionally meet in Illinois because Illinois is a central state with a large metropolis that has easy access for flights to two large international airports. Attending a meeting in Illinois a few times a year was convenient for the above reasons. However, litigation is not a matter that is undertaken lightly or sporadically. Requiring defendants to litigate this action in a forum that clearly has no connection with the causes of actions or the residencies of Plaintiff and defendants would create a significant burden on defendants. In addition, the courts of Illinois have no interest in adjudicating this litigation as the causes of action do not pertain to a public, private or financial interest of Illinois.

C.    **Defendants should not be subject to General Personal Jurisdiction in Illinois**

Plaintiff has not adequately alleged that defendants have such "continuous and systematic general business contacts" with Illinois so as to be subject to general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).   For general personal jurisdiction to exist, "the contacts must be so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely different from those activities." *Interlease Aviation Investors II (ALOHA) L.L.C. v. Iowa Corp. ("ALOHA")*, 262 F. Supp. 2d 898, 905 (N.D. Ill. 2003) (citation omitted).   In making such a determination, courts examine: (1) whether and to what extent the defendant conducts business in the forum state; (2) whether the defendant maintains an office or employees within the forum state; (3) whether the defendant sends agents into the forum state to conduct business; (4) whether the defendant advertises or solicits business in the forum state; and (5) whether the defendant has designated an agent for service of process in the forum state. *Id.* at 906-07

- 14 -

As detailed above, the four affidavits signed by Mr. Comer detail that neither he nor Sleep Alliance, Royal Bedding, or Jackson Mattress had contacts with Illinois. The defendants have never held certificates of authority to conduct business in Illinois, and they have never been registered to do business in Illinois. (see Affidavit #'s 1-4 at ¶ 12 and 13) The defendants have never had an office in Illinois. (see Affidavit #'s 1-4 at ¶ 3). The defendants do not own, rent, or maintain real estate, personal property, or any other property in Illinois. (see Affidavit #'s 1-4 at ¶ 6). The defendants have not purposely attempted to solicit business, conduct marketing activities, or sell mattresses or products in Illinois. (see Affidavit #'s 1-4 at ¶ 5). Finally, the defendants do not have a designated agent for service of process in Illinois. (see Affidavit #'s 1-4 at ¶ 12 and 13). Accordingly, the defendants do not have "continuous and systematic" contacts with Illinois such that they are subject to general jurisdiction there.

## Conclusion

Defendants Sleep Alliance, Royal Bedding, Jackson Mattress, and Mr. Comer request this Court find personal jurisdiction lacking and dismiss Counts I through X with prejudice, and grant such other relief as this Court deems just and proper.

Dated: September 12, 2008                    SMITHAMUNDSEN, LLC


                                             */S/ THOMAS J. LYMAN, III*
                                             Thomas J. Lyman, III, Esq.
                                             ARDC No. 6194687
                                             Glen E. Amundsen, Esq.
                                             ARDC No. 3126776
                                             SmithAmundsen, LLC
                                             150 North Michigan Avenue
                                             Suite 3300
                                             Chicago, IL  60601
                                             Phone: 312-894-3241
                                             Fax:    312-894-3210


                                             *Attorneys for Defendants Sleep Alliance, Royal*
                                             *Bedding, Jackson Mattress and Mr. Comer*

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure upon all known counsel of record on this, the 12th day of September, 2008.

TOM COMER

**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

------------------------------------------

ROYAL SLEEP PRODUCTS, INC.,
a Florida Corporation,

                        Plaintiff,

          - vs -        Case Number
                        1:07 CV 6588

RESTONIC CORPORATION, an Illinois Corporation;
RESTONIC MATTRESS CORPORATION,
an Illinois Corporation;
SLEEP ALLIANCE, LLC,
a Delaware Limited Liability Company;
ROYAL BEDDING COMPANY OF BUFFALO,
a New York Corporation;
JACKSON MATTRESS CO., LLC,
a North Carolina Limited Liability Company;
CONTINENTAL SILVERLINE PRODUCTS, L.P.,
a Texas Limited Partnership;
STEVENS MATTRESS MANUFACTURING CO.,
a North Dakota Corporation;
TOM COMER, JR., an individual;
DREW ROBINS, an individual; and
RICHARD STEVENS, an individual,

EXHIBIT
A

                        Defendants.
------------------------------------------



Deposition of Tom Comer                                    Royal Sleep Products, Inc. vs. Restonic Corporation

```
 1              Telephonic deposition of TOM COMER,

 2   Defendant, taken pursuant to Notice, at the Hilton

 3   Garden Inn, 4201 Genesee Street, Buffalo, New York,

 4   on July 2, 2008, commencing at 9:26 a.m., before

 5   LORI K. BECK, CSR, RDR, CRR, Notary Public.

 6
     APPEARANCES:        ZARCO EINHORN SALKOWSKI & BRITO, P.A.
 7                       By MELISSA L. BERHEIM, ESQ., and
                         ROBERT F. SALKOWSKI, ESQ.,
 8                       Bank of America Tower,
                         100 Southeast 2nd Street, Suite 2700,
 9                       Miami, Florida  33131,
                         Appearing via telephone for the
10                       Plaintiff.

11                       BURKE, WARREN,
                         MacKAY & SERRITELLA, PC,
12                       By FREDERIC A. MENDELSOHN, ESQ.,
                         330 North Wabash Avenue, 22nd Floor,
13                       Chicago, Illinois  60611,
                         Appearing via telephone for the
14                       Defendants, Restonic Corporation
                         and Restonic Mattress Corporation.
15
                         SMITH & AMUNDSEN, L.L.C.,
16                       By THOMAS J. LYMAN, III, ESQ.,
                         150 North Michigan Avenue, Suite 3300
17                       Chicago, Illinois  60601,
                         Appearing for the Defendants,
18                       Sleep Alliance, LLC; Royal Bedding
                         Company of Buffalo; Jackson
19                       Mattress Co., LLC; Continental
                         Silverline Products L.P.;
20                       Tom Comer, Jr.; and Drew Robins.

21                       FULLBRIGHT & JAWORSKI, LLP,
                         By ANDREW FRIEDBERG, ESQ.,
22                       1301 McKinney, Suite 5100,
                         Houston, Texas  77010,
23                       Appearing via telephone for the
                         Defendants, Continental Silverline
24                       Products L.P. and Drew Robins.

25
```

Deposition of Tom Comer                                    Royal Sleep Products, Inc. vs. Restonic Corporation

```
 1                      DYKEMA GOSSETT PLLC,
                        By THOMAS R. HILL, ESQ.,
 2                      10 South Wacker Drive, Suite 2300,
                        Chicago, Illinois  60606,
 3                      Appearing via telephone for the
                        Defendants, Stevens Mattress
 4                      Manufacturing Co. and
                        Richard Stevens.
 5
         PRESENT        BRENT FORD,
 6                      via telephone.

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Deposition of Tom Comer                          Royal Sleep Products, Inc. vs. Restonic Corporation

1          Q.    What is Randy's position?

2          Is Randy a woman or a man?

3          A.    A man.

4          Q.    Okay.

5          A.    His -- his title is president of

6    Jackson Mattress Company.

7          His principal role is operations.

8          Q.    And what types of things did he travel

9    to Illinois for?

10          A.    For fire-retardancy testing of product

11    at the UL, Underwriters Laboratories, in Illinois.

12          He went three times for certification of our

13    product to meet the new federal fire regulations

14    that went into effect July 1st of 2007.

15          Q.    Okay.

16          A.    He also attended a Restonic Mattress

17    Company-sponsored manufacturing fire-retardancy

18    meeting.

19          Q.    Okay.  Anything else?

20          A.    No, not for Randy Bancroft.

21          Q.    Okay.  Are there other employees?

22          A.    Yes.

23          Bryan Esterly.

24          Q.    What's Bryan's position at Jackson?

25          A.    Chief financial officer.

Deposition of Tom Comer                                Royal Sleep Products, Inc. vs. Restonic Corporation

1          Stock is held by actually the member

2     companies of Sleep Alliance.

3          Q.    Okay.

4          MS. BERHEIM:   I -- you know, I was trying to

5     do this without introducing an Exhibit, but I think

6     we're just going to have to do it, because it's

7     going to be easier for you.

8          So I'm introducing what is now Exhibit 14 as

9     document Bates stamp JM0004.

10         It's one document.

11         The following was marked for Identification:

12         COMER EXH. 14    document Bates number

13                          JM0004.

14    BY MS. BERHEIM:

15         Q.    Mr. Comer, do you recognize that

16    document?

17         A.    Yes.

18         Q.    Okay.  And for the record, it's a check

19    from Jackson Mattress Company, LLC to CDW Computer

20    Centers, Inc.; is that correct?

21         A.    Yes, for $38.

22         Q.    Okay.  And CDW Computer Centers, Inc.,

23    according to the check, is located in Chicago,

24    Illinois, correct?

25         A.    Yes.

Deposition of Tom Comer                                    Royal Sleep Products, Inc. vs. Restonic Corporation

1       Q.    Okay.   What service or function does
2   CDW Computer Centers provide for Jackson Mattress?
3       A.    We purchased computers or software from
4   CDW.
5       Q.   Do you still use them?
6       A.    Yes.
7       Q.   Does Jackson Mattress still use them?
8       A.    I believe so, yes.
9       Q.    Okay.
10      MS. BERHEIM:  I'm now looking at what I'll
11   introduce as Comer Number 15.
12      It's document Bates stamp JM0007.
13      The following was marked for Identification:
14      COMER EXH. 15    document Bates number
15                       JM0007.
16   BY MS. BERHEIM:
17      Q.    Mr. Comer, do you recognize that
18   document?
19      A.    Yes.
20      Q.    Okay.  And for the record, that is a
21   check from Jackson Mattress Company, LLC for $1600
22   to Dun & Bradstreet; is that correct?
23      A.    Yes.
24      Q.    Okay.  And the Dun & Bradstreet is
25   located in Chicago, Illinois, correct?