UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROYAL SLEEP PRODUCTS, INC., a Florida Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> RESTONIC CORPORATION, an Illinois Corporation, RESTONIC MATTRESS CORPORATION, an Illinois Corporation, SLEEP ALLIANCE, LLC, a Delaware Limited Liability Company, ROYAL BEDDING COMPANY OF BUFFALO, a New York Corporation, JACKSON MATTRESS CO. LLC, a North Carolina Limited Liability Company, CONTINENTAL SILVERLINE PRODUCTS L.P., a Texas Limited Partnership, STEVENS MATTRESS MANUFACTURING CO., a North Dakota Corporation, TOM COMER, JR., an individual, DREW ROBINS, an individual, and RICHARD STEVENS, an individual, <br><br> Defendants. | Case No. 07 C 6588 <br><br> Hon. Rebecca R. Pallmeyer <br><br> Magistrate Judge Valdez |

## DEFENDANTS, STEVENS MATTRESS MANUFACTURING CO. AND RICHARD STEVENS REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants, Stevens Mattress Manufacturing Co., a North Dakota corporation ("Stevens Mattress") and Richard Stevens, an individual ("Mr. Stevens"), by the undersigned attorneys, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure moved this Court to dismiss, by motion dated March 20, 2008, for lack of personal jurisdiction. Plaintiff was permitted and did conduct discovery regarding the personal jurisdiction of Stevens Mattress and Mr. Stevens, and then submitted its response dated August 25, 2008. As explained herein, Plaintiff has failed to demonstrate sufficient contacts by Stevens Mattress and Mr. Stevens upon which personal jurisdiction can be founded. In fact, the very case law and facts relied upon by Plaintiff support the conclusion that no personal jurisdiction exists over these defendants. Moreover, asserting

personal jurisdiction over these North Dakota residents does not comport with the constitutional mandate that such exercise does not offend traditional notions of fair play and substantial justice set forth in International Shoe v. Washington, 326 U.S. 310 (1945) and its progeny.

A. **Plaintiff has failed to show sufficient contact with Illinois for specific personal jurisdiction or general personal jurisdiction.**

The Plaintiff has ignored the basis upon which the Court is to assess whether there are sufficient contacts in order to exercise "specific" personal jurisdiction or "general" personal jurisdiction over Stevens Mattress and Mr. Stevens. This failure is fatal because it is the Plaintiff that has the burden of demonstrating the existence of personal jurisdiction over Stevens Mattress and Mr. Stevens. Jennings v. AC Hydraulic, 383 F.3d 546, 548 (7th Cir. 2004); RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). The case of Birnberg v. Milk St. Residential Assoc. Ltd. P'ship, 2003 WL 151929 (N.D. Ill. 2003), which Plaintiff has cited, explains the distinction between "specific" and "general" personal jurisdiction:

> The court's assessment of minimum contacts depends on whether "general" or "specific" jurisdiction is at issue. RAR, 107 F.3d at 1277. ***Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum."*** Id. The court may exercise specific jurisdiction over defendants if they "purposefully established minimum contacts within the forum state" and those contacts "make personal jurisdiction fair and reasonable under the circumstances." Id. In examining a defendant's contacts with a particular state, the court must determine whether the defendant "purposefully availed itself of the privilege of conducting activities" in the forum state so that it "should reasonably anticipate being haled into court there." Id. ***In other words, the focus of the court's inquiry must be on the "relationship among the defendant, the forum, and the litigation."*** Heritage House Rests., Inc. v. Cont'l Funding Group, Inc., 906 F.2d 276, 283 (7th Cir. 1990). The main factor in specific jurisdiction analysis is foreseeability-was it reasonably foreseeable to the defendant that its action could result in litigation in the state in question. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-74 (1985). Contacts that are "random, fortuitous, or attenuated" are not sufficient to establish that a state's exercise of personal jurisdiction over the defendant was foreseeable. Heritage House, 906 F.2d at 283. ***Moreover, in examining the contacts in***

> *a specific jurisdiction analysis, the court cannot "simply aggregate all of the defendant's contacts with the state-no matter how similar in terms of geography, time, or substance."* <u>RAR</u>, 107 F.3d at 1277.
>
> *In contrast to specific jurisdiction, general jurisdiction is applicable when the lawsuit neither arose nor was related to the defendant's contacts with forum state.* <u>Id.</u> *Such jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the state.* <u>Id.</u> *The general jurisdiction standard is "a fairly high standard requiring a great amount of contacts."* <u>Jamik, Inc. v. Days Inn of Mount Laurel</u>, 74 F.Supp.2d 818, 822 (N.D. Ill. 1999).  Factors courts examine in determining whether general jurisdiction exist include: (1) whether and to what extent the defendant conducts business in the forum state; (2) whether the defendant maintains an office or employees within the forum state; (3) whether the defendant sends agents into the forum state to conduct business; (4) whether the defendant advertises or solicits business in the forum state; and (5) whether the defendant has designated an agent for service of process in the forum state.  See <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 416 (1984).

<u>Birnberg v. Milk St. Residential Assoc. Ltd. P'ship</u>, 2003 WL 151929 at *3 (N.D. Ill. 2003) (emphasis added).  Plaintiff chose to ignore these principals because there is a complete failure to show the causes of actions it has asserted against Stevens Mattress and Mr. Stevens arise out of or relate to the contacts, as recited in Plaintiff's response brief.  Furthermore, the contacts Plaintiff has recited fall far short of finding "general" personal jurisdiction by the parties exists within Illinois.

    (1)    Plaintiff failed to show the relationship of its cause of action to defendants' contacts with Illinois required for specific personal jurisdiction.

Plaintiff has relied exclusively upon four provisions of the Illinois Long-Arm Statute to contend personal jurisdiction exists over Stevens Mattress and Mr. Stevens – transacting business within Illinois, making or performing any contract or promise within Illinois, acquiring ownership, possession or control of any asset within Illinois and the breach of fiduciary duty within Illinois.  Plaintiff's Brief, p. 6-7; 735 Ill. Comp. Stat. 5/2-209(a)(1), (7), (10), (11).

Plaintiff did not present, nor otherwise indicate, any other basis upon which this Court may assert personal jurisdiction over Stevens Mattress or Mr. Stevens. In relying upon these four provisions to argue the existence of personal jurisdiction, Plaintiff was required to show that its causes of action against Stevens Mattress or Mr. Stevens arise out of or relate to such contacts with Illinois – which is described as "specific" personal jurisdiction. 735 Ill. Comp. Stat. 5/2-209(f); Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 414 (1984); RAR, 107 F.3d at 1277. This principal was succinctly explained by the 7th Circuit Court of Appeals:

> Potential defendants should have some control over-and certainly should not be surprised by-the jurisdictional consequences of their actions. Thus, when conducting business with a forum in one context, potential defendants should not have to wonder whether some aggregation of other past and future forum contacts will render them liable to suit there.
>
> * * * *
>
> As the First Circuit put it, specific jurisdiction is not appropriate "merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must *directly arise* out of the specific contacts between the defendant and the forum state." Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir.1995) (emphasis added).

RAR, 107 F.3d at 1278. The Plaintiff simply ignored this burden. Therefore, this Court is improperly left with having to become a ferret to engage in an unassisted search for evidence to find the required "arising from" or "related to" connection between Plaintiff's causes of action and these contacts even exist. See Koapke v. Herfendal, 660 N.W.2d 206, 211 (N.D. 2003) (stating "[j]udges, whether trial or appellate, are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a litigant's position"); Anderson v. A.P.I. Company of Minnesota, 559 N.W.2d 204, 210 (N.D. 1997); See also Burdett v. Miller, 957 F.2d 1375, 1380 (7th Cir. 1992) (noting that our judicial system "is an adversarial system; the judge looks to the parties to frame the issues for trial and judgment [and] [o]ur busy district judges do not have the time to play the "proactive" role of a Continental European judge"). As explained

herein, even if this Court did engage in such effort, it becomes apparent the contacts by Stevens Mattress and Mr. Stevens with Illinois, relied upon by Plaintiff, are woefully inadequate to assert personal jurisdiction over these parties.

This flaw in Plaintiff's argument is illustrated by the case law cited by Plaintiff within its response brief under its heading of discussing the transaction of business within Illinois. See Plaintiff's Brief at pp. 7-9. In each of these cited cases, the cause of action arose out of or related to the very contact with the forum state, and importantly the contacts that precipitated the particular lawsuit arose from the relationship between the plaintiff and the defendant in each case. See Bank of Montreal v. McKenzie Methane Corp., 1993 WL 420985 (N.D. Ill. 1993) (cause of action concerned repayment of loan agreement between plaintiff and defendant which was to be repaid in Illinois and contained an Illinois choice of law provision); Ben Kozloff v. H&G Distributors, Inc., 717 F.Supp. 1336 (N.D. Ill. 1989) (cause of action arose out of sale contract between seller, an Illinois corporation and non-resident buyer, who had engaged in millions of dollars of sales over the course of seven years through weekly or bi-weekly sales); Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 280-83 (7th Cir. 1990) (finding defendants contacts with forum state and plaintiff formed the basis of the causes of action); John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc., 821 F.2d 399 (7th Cir. 1987) (cause of action for trademark infringement was based upon non-resident defendant's activities within Illinois).

In stark contrast, none of the contacts Plaintiff relies upon relate to the causes of action it brought against Stevens Mattress or Mr. Stevens, being (1) a breach of fiduciary duty of loyalty (Count II), (2) aiding and abetting a breach of fiduciary duty of loyalty (Count III), (3) tortious interference with prospective advantage with Lady America (Count V), (4) tortious interference with prospective advantage with Mattress Giant (Count VII), (5), tortious interference with sub-

license agreement (Count IX). Rather, Plaintiff's own complaint shows that not one of the alleged acts of Stevens Mattress or Mr. Stevens giving rise to these causes of action occurred within Illinois. To the contrary, Plaintiff's allegations refer to meetings in Nevada, Texas and Florida and it is these meetings that form the basis of its causes of action. Plaintiff's Complaint ¶¶ 29, 37, 39, 46, 48. In fact, Plaintiff's complaint and his responsive brief to the present motion are devoid of any assertion that the alleged improper actions by Stevens Mattress or Mr. Stevens giving rise to the claims against these parties occurred within Illinois. The only logical conclusion for Plaintiff's failure to assert such connection is because it does not exist. In obvious recognition of this frailty, Plaintiff points to unrelated travel, meeting attendance and business activity to argue personal jurisdiction exists. Further, these fortuitous contacts did not involve any dealings of Plaintiff with Stevens Mattress or Mr. Stevens. See Polansky v. Anderson, 2005 WL 3557858 at *4 (N.D. Ill. 2005) (stating that a court may only consider the dealings between the parties with respect to the claim at issue in assessing minimum contacts (citing to RAR, 107 F.3d at 1278)). As explained herein, these contacts can not support specific personal jurisdiction.

    (a)    Contact by Mr. Stevens with Illinois insufficient for "specific" personal jurisdiction and warrants his dismissal from this action.

The contacts Plaintiff relies to argue personal jurisdiction exists over Mr. Stevens are as follows: (1) Mr. Stevens attended Restonic meetings "usually once a year," (2) "on at least one occasion, [he] traveled to Illinois to conduct business," and (3) Mr. Stevens attended meetings in Illinois regarding research for flammability products. Plaintiff's Brief, p. 2-3. Yet, when discussing the four basis upon which it seeks to impose personal jurisdiction, Plaintiff then misrepresents the facts. For example in its discussion of transacting business in Illinois, Plaintiff states Defendants, which includes Mr. Stevens, sought out Restonic Corporation ("RC") and Restonic Mattress Corporation ("RMC"), but makes no reference to the record for such

contention. Plaintiff's Brief at p. 7. Plaintiff then contends the "Sub-License Agreement clearly contemplates that Defendants, for their part, will perform a significant part of the License Agreement in Illinois," which they assert is the payment of a license fee. Id. at p. 8. However, even a cursory review of the Sub-License Agreement reveals Mr. Stevens is not a party nor has any personal obligation under such agreement. Plaintiff then states "Defendants, [which includes Mr. Stevens] regularly send employees to Illinois to participate in business meetings." Plaintiff's Brief at p. 9. Again, there is nothing in the record that Mr. Stevens has any employees. (Mr. Stevens' deposition transcript is attached as Exhibit A.) Finally, Plaintiff alleges a breach of fiduciary duty by Mr. Stevens. Id. at pp. 9-10. However, Plaintiff's complaint and its response brief make absolutely no reference to any alleged act occurring within Illinois to support Plaintiff's specious allegation that Mr. Stevens breached a fiduciary duty. In order to assert such basis for personal jurisdiction, Plaintiff was required to show the improper action, for which the breach of fiduciary duty relates, occurred in Illinois. See West Virginia Laborers Pension Trust v. Caspersen, 829 N.E.2d 843, 849 (Ill. App. Ct. 2005); Alpert v. Bertsch, 601 N.E.2d 1031, 1037 (Ill. App. Ct. 1992). Notwithstanding the meritless nature of such allegation, there is no evidence of any such action occurring in Illinois.

Thus, once this Court views the sum of Mr. Stevens' contacts with Illinois, it becomes evident they are isolated, random and insufficient to support "specific" personal jurisdiction. First, there is not a single allegation within Plaintiffs' complaint contending its causes of actions against Mr. Stevens arise out of or relate to his attendance at the "once a year" meetings within Illinois. Moreover, the business activity Plaintiff contends Mr. Stevens had within Illinois occurred in February, 2008 – well after Plaintiff initiated this action against Mr. Stevens. Stevens Depo., p. 57, ln. 7-22. Contact with a forum state after the litigation has commenced does not form the basis for personal jurisdiction. Reeves v. Baltimore & Ohio R.R. Co., 526

N.E.2d 404, 408 (Ill. App. Ct. 1988) (stating that for personal jurisdiction analysis, the relevant time period regarding contacts by a non-resident is from the time the action arose to the time the defendant was made a party). Finally, the undersigned, after having scoured Plaintiff's complaint, has found not one claim or cause of action arising from or related to Mr. Stevens attendance at meetings to research and discuss flammability products. Plaintiff's reliance upon this contact illustrates the absurdity of its argument. Furthermore, Plaintiff's tactic with Mr. Stevens, and his microscopic contacts with Illinois, is a classic example of improperly attempting to "simply aggregate all of a defendant's contacts with the state—no matter how dissimilar in terms of geography, time or substance—as evidence of the constitutionally-required minimum contacts." RAR, 107 F.3d at 1277. In sum, the Plaintiff has not met and can not meet the key element upon which "specific" personal jurisdiction must exist - that its causes of action against Mr. Stevens arise out of or relate to these fortuitous and isolated contacts with Illinois. According, this Court must dismiss Mr. Stevens for a lack of "specific" personal jurisdiction over him.

    (b)    Contact by Stevens Mattress with Illinois is insufficient for personal jurisdiction and warrants its dismissal from this action.

The contacts with Illinois Plaintiff has relied on to argue personal jurisdiction exists over Stevens Mattress can be grouped into two categories. The first category involves those by Stevens Mattress with co-defendants RC and RMC. Plaintiff's Brief at pp. 3-4. The second category recited by Plaintiff includes contacts with unrelated third party entities located in Illinois, namely Evenson Peterson Consulting, Stylution, B&C International, and A. Lava & Son Company. Id. at p. 4. Noticeably absent is any recitation of contacts within Illinois between Stevens Mattress and Plaintiff. Polansky, 2005 WL 3557858 at *4 (stating that a court may only consider the dealings between the parties with respect to the claim at issue in assessing minimum contacts (citing to RAR, 107 F.3d at 1278)). More importantly, there is absolutely no effort by

Plaintiff to show its causes of action against Stevens Mattress arise from or relate to these contacts – a fatal defect because such failure by the Plaintiff necessarily leads to the conclusion that "specific" personal jurisdiction does not exist. Ill. Comp. Stat. 5/2-209(f); RAR, 107 F.3d at 1277.

The contacts recited by Plaintiff with RC and RMC are the business relationship between these parties documented by an Amended and Restated Sub-license Agreement with RMC, an employee of Stevens Mattress attending meetings within Illinois and conducting business in Illinois, employees engaging in training within Illinois, and money transfers between Stevens and RC. Plaintiff's Brief at pp. 3-4. It is recognized that a single business act within Illinois, whether from Sub-License Agreement between Stevens Mattress and RMC, attending a meeting, or transferring of money, may form the basis of "specific" personal jurisdiction. However, it is equally clear that in order for this single act to support "specific" personal jurisdiction "it is necessary . . . that this [single act] which is done is related to the cause of action. John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc., 821 F.2d 399, 402 (7th Cir. 1987). Plaintiff has not, nor can it, show its claims against Stevens Mattress arise from or are related to any transaction between Stevens Mattress, RC or RMC, whether under the Sub-License Agreement, attendance at meetings or transfer of money. As explained in Section A(1) above, the Plaintiff's discussion of transacting business, found at pages 7 through 9 of its brief, cited case law showing the litigation in those particular cases arose from or was related to the contacts with the forum stated. See Plaintiff's Brief at pp. 7-9. Here Plaintiff has not even attempted to show this required connection. More importantly, Plaintiff can not show such connection because it is evident this litigation and the allegations found within Plaintiff's complaint, do not arise from or relate to Stevens Mattress' contacts with Illinois.

Further, Plaintiff's description of meetings with Illinois attended by representative of Stevens Mattress are overstated as evidenced by the deposition testimony of Steve Russo, who has been president of RC and RMC since November 2006. Russo Depo., p. 8, ln. 12-15. During his deposition, Mr. Russo testified to the existence of a product-marketing committee and manufacturing committee. Id. at p. 41, ln. 12-18 and p. 47, ln. 8-9. (Mr. Russo's deposition transcript is attached as Exhibit B.) With respect to the product-marketing committee, Mr. Russo testified it has met maybe three or four times within Illinois since November 2006. Id. at p. 43, ln. 5-14. Mr. Stevens is not a member of this committee, but Mr. Ken Akers, who Russo asserted was representing Stevens Mattress, was on this committee. Id. at p. 42, ln. 10-21. Mr. Russo was unclear whether any representative of Stevens Mattress attended manufacturing committee meetings, but indicated it has had one or two meetings within Illinois since November, 2006. Id. at p. 48, ln. 13-24 and p. 49., ln. 1-12. Further, Mr. Russo described only two meetings of RMC shareholders, one in Louisville, Kentucky in December, 2006 and other in December, 2007 by telephone. Id. at p. 30, ln. 23 through p. 32, ln. 13. There has been only one meeting of licensees in Illinois, which occurred after this action was commenced, while all of other meetings of licensees were held in Las Vegas, Nevada. Id. at p. 35, ln. 7-20. As illustrated by this testimony, Plaintiff has overstated the level of meetings within Illinois. Furthermore, Plaintiff has made no effort to demonstrate how this litigation arises out or is related to any of these Illinois based meetings – a requirement necessary to find "specific" personal jurisdiction. Moreover, the logical conclusion of Plaintiff's argument is that Stevens Mattress will lose any control as to the jurisdictional consequence of attending meetings and will be placed in the unenviable position of wondering "whether some aggregation of other past and future forum contacts [in the form of meeting attendance] will render [it] liable to suit" in Illinois. RAR, 107 F.3d at 1278.

Plaintiff's one line statement that Stevens Mattress' ownership of shares of stock in RMC is equally unavailing. Plaintiff's Brief at p. 9. Again, Plaintiff does not explain, in any manner, that this litigation arises from or relates to such stock ownership. Furthermore, stock ownership by itself is generally insufficient to support personal jurisdiction. Kohler Co. v. Kohler Int'l, Ltd., 196 F.Supp.2d 690, 699 (U.S. Dist. Ct. N.D. Ill. 2002).

Finally, Plaintiff alleges a breach of fiduciary duty by Stevens Mattress to contend personal jurisdiction exists. Plaintiff's Brief at pp 9-10. As with Mr. Stevens, Plaintiff's complaint and its brief are devoid of any contention the alleged breach of fiduciary duty occurred within Illinois. This defect in Plaintiff's argument in turn necessitates a finding that no "specific" personal jurisdiction for such alleged breach of fiduciary duty exists. West Virginia Laborers Pension Trust v. Caspersen, 829 N.E.2d 843 (Ill. App. Ct. 2005); Alpert v. Bertsch, 601 N.E.2d 1031, 1037 (Ill. Ct. App. 1992).

In summary, the Plaintiff has not met and can not meet the key element upon which "specific" personal jurisdiction must exist - that its causes of action against Stevens Mattress arise out of or relate to these unrelated and fortuitous contacts with Illinois. According, this Court must dismiss Stevens Mattress for a lack of "specific" personal jurisdiction over him.

(2) The contacts by Stevens Mattress and Mr. Stevens are not sufficient to meet high standards imposed to find "general" personal jurisdiction.

The contacts Plaintiff has relied upon to demonstrate this Court has personal jurisdiction over Mr. Stevens do not show he has engaged in a "continuous and systematic general business contacts" within Illinois to meet the high standard of contacts necessary for general personal jurisdiction so as to effectively convert him into a resident of Illinois. Birnberg, 2003 WL 15929 * 3; Riemer v. KSL Recreation Corp., 807 N.E.2d 1004, 1012 (Ill. App. Ct. 2004) ("general" personal jurisdiction arises when non-resident is "constructively present" within Illinois). To the contrary, Mr. Stevens' minute contacts with Illinois make him distinguishable from a resident of

Illinois.  See IDS Life Ins. Co. v. SunAmerica Life Ins. Co, 136 F.3d 537, 540-41 (7th Cir. 1998) (stating that "general" personal jurisdiction picks out those nonresident businesses that are like resident businesses).  Mr. Stevens took up and has maintained his residence in North Dakota for over 32 years.  Mr. Stevens, and his isolated contacts, is not much like a resident and in turn is not within the reach of "general" personal jurisdiction.  Id. at 541.

The contacts by Stevens Mattress are equally insufficient to show it has engaged in a "continuous and systematic general business contacts" within Illinois to meet the high threshold necessary for general personal jurisdiction so as to effectively convert this entity into a resident of Illinois.  Birnberg, 2003 WL 15929 * 3; Riemer, 807 N.E.2d at 1012.  Although the contacts within Illinois by Stevens Mattress exceed those of Mr. Stevens, the factors to be considered in evaluating this high standard for general personal jurisdiction demonstrate that "general" personal jurisdiction does not exist for Stevens Mattress.  The factors to assess whether "general" personal jurisdiction exists are as follows:

> (1) whether and to what extent the defendant conducts business in the forum state; (2) whether the defendant maintains an office or employees within the forum state; (3) whether the defendant sends agents into the forum state to conduct business; (4) whether the defendant advertises or solicits business in the forum state; and (5) whether the defendant has designated an agent for service of process in the forum state.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984).

Birnberg, 2003 WL 15929 *3.

Here, Stevens Mattress does not maintain an office or employees within Illinois.  Stevens Mattress does not advertise or solicit business within Illinois and does not have a designated agent for service of process within Illinois.  The business Stevens Mattress does conduct in Illinois concerns software services, acquiring inventory items, and point of sale marketing products all of which are delivered and used outside of Illinois.  Further, the sole purpose of Stevens Mattress representatives coming to Illinois is to attend meetings unrelated to this

litigation. When one examines the tenuous contacts Stevens Mattress has had with Illinois, it becomes apparent this high threshold necessary to show "general" personal jurisdiction can not be satisfied. Rather, Stevens Mattress "that has no offices or sales in Illinois is not much like a resident firm and so is not within the reach of ["general personal jurisdiction]." IDS Life Ins. Co., 136 F.3d at 541. Accordingly, "general" personal jurisdiction over Stevens Mattress is lacking, which warrants its dismissal from this action

**B.    Personal jurisdiction over Stevens Mattress and Mr. Stevens does offend traditional notions of fair play and substantial justice.**

Assuming, for argument purposes only, this Court finds sufficient minimum contacts to find specific or general personal jurisdiction, it must still ensure the maintenance of the present action against Stevens Mattress and Mr. Stevens Illinois does not offend traditional notions of fair play and substantial justice. See International Shoe v. Washington, 326 U.S. 310, 316 (1924). In assessing this constitutional mandate, the following factors must be evaluated by this court:

> (1) the interest of the state in providing a forum to the plaintiff; (2) the interest of the state in regulating the activity involved; (3) the burden of defense in the forum on the defendant; (4) the relative burden of prosecution elsewhere on the plaintiff; (5) the extent to which the claim is related to the defendant's local activities; and (6) the avoidance of a multiplicity of suits on conflicting adjudications.

Birnberg, 2003 WL 151929 at * 4 (citing Asahi Metal Inds. Co. v. Super. Ct. of Cal., 480 U.S. 102, 115 (1987); Burger King, 471 U.S. at 472-73, 476-77. Nonetheless, the "most important factors to consider are (1) the interests of the states involved and (2) the relative convenience of litigating in that forum." Kohler Co., 196 F.Supp.2d at 700. Plaintiff argues these two principal factors favor personal jurisdiction because Mr. Stevens commented it was easy to fly to Chicago, (evidently to argue the relative convenience of litigating in Illinois) and the Sub-License Agreement between Stevens Mattress and RMC (presumably to argue the

interests of Illinois). Neither of these arguments can justify a finding that haling Stevens Mattress and Mr. Stevens into Illinois Federal Court does not offend traditional notions of fair play and substantial justice.

It is ridiculous to conclude that because Mr. Stevens has experienced relatively few difficulties in flying to Chicago that it is convenient for Stevens Mattress and Mr. Stevens to defend this action within Illinois Federal Court. Both Stevens Mattress and Mr. Stevens are long time residents of North Dakota. As shown above, their contacts with Illinois are infrequent, isolated and unrelated to this action. As this Court is well aware, defending this action will necessarily require more than simply having Mr. Stevens fly to Chicago. The absurdity of Plaintiff's argument is that it leads to the conclusion that any state in which there exists a major hub airport can assert personal jurisdiction because it may be easy to fly there. The ability to get onto a plane and fly to a location certainly can not meet the constitutional mandate that defending an action in a distant forum does not offend traditional notions of fair play and substantial justice. See RAR, 107 F.3d at 1277 (stating that when conducting business within a forum in one context, one should not have to then wonder if by some form of aggregation it will them subject himself to personal jurisdiction).

With respect to the Sub-License Agreement, that can not serve as the basis to conclude Illinois has an interest in this litigation with Mr. Stevens because he is not a party to the contract. Moreover, the Plaintiff's claims against Stevens Mattress and Mr. Stevens are not arising from or related to Stevens Mattress' performance under such agreement. Simply because there exists an agreement, that may have some contact with the forum state, does not meet the constitutional mandate established under International Shoe and its progeny particularly when the action, like Plaintiff's, is not concerned with the enforcement of such provisions.

Having Stevens Mattress and Mr. Stevens, both North Dakota residents, haled into Illinois Federal Court based upon isolated and unrelated contacts will and does offend traditional notions of fair play and substantial justice. No serious argument can be made that the contacts with Illinois for which Plaintiff relies, to assert personal jurisdiction exists, could have placed either Stevens Mattress or Mr. Stevens in a position of reasonably anticipating they would be haled into Court on a lawsuit that simply did not arise out of or related to such contacts.

**C.** **Conclusion**

For all of the foregoing reasons and those previously submitted, Stevens Mattress and Mr. Stevens respectfully request that this Court dismiss them from this action, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because they are not subject to the personal jurisdiction of this Court.

Dated this 15th day of September, 2008

**PEARSON CHRISTENSEN & CLAPP, PLLP**

/s/ *Daniel L. Gaustad*_____
Daniel L. Gaustad (ND Attorney ID #05282)
Admitted *pro hac vice*
735 Hill Avenue
P.O. Box 352
Grafton, ND 58237
(701) 352-3262 (phone)
(701) 352-3405 (fax)


**DYKEMA GOSSETT PLLC**

Thomas R. Hill (ARDC #6191291)
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 876-1700 (phone)
(312) 876-1155 (fax)

**Attorneys for Defendants:**
**Stevens Mattress Manufacturing Co.**
**and Richard Stevens**

## CERTIFICATE OF SERVICE

    I hereby certify that on September 15, 2008, I electronically filed **Defendants, Stevens Mattress Manufacturing Co. and Richard Stevens Reply Brief in Support of Motion to Dismiss Pursuant to Rule 12(B)(2) of the Federal Rules of Civil Procedure** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

*Counsel for Plaintiff*
**Royal Sleep Products, Inc.**
  Brian Ira Tanenbaum, Esq.
  John A. Benson, Jr., Esq.
  THE LAW OFFICES OF BRIAN IRA TANENBAUM
  2970 Maria Avenue
  Suite 207
  Northbrook, IL  60062
  Phone:  847.562-1636
  Fax:  847.562-1637
  Email: brian@bitlaw.org
  Email: john@bitlaw.org

*Additional Counsel for Plaintiff*
**Royal Sleep Products, Inc.**
  Robert Zarco, Esq.
  Melissa L. Bernheim, Esq.
  ZARCO EINHORN SALKOWSKI & BRITO, P.A.
  Bank of America Tower
  100 S.E. Second Street
  Suite 2700
  Miami, FL  33131
  Phone:  305.374-5418
  Fax:  305.374-5428

*Counsel for Defendants*
**Restonic Corporation** and **Restonic Mattress Corporation**
  Frederic A. Mendelsohn, Esq.
  BURKE, WARREN, MACKAY & SERRITELLA PC
  330 North Wabash Avenue
  22nd Floor
  Chicago, IL  60611
  Phone:  312.840-7000
  Fax:  312.840-7900
  Email: fmendelsohn@burkelaw.com

*Counsel for Defendants*
**Sleep Alliance, LLC, Royal Bedding Company of Buffalo, Jackson Mattress Co. LLC, Continental Silverline Products L.P., Tom Comer, Jr.** and **Drew Robins**
  Glen E. Amundsen, Esq.
  Thomas James Lyman, III, Esq.
  SMITH & AMUNDSEN, L.L.C.
  150 North Michigan Avenue
  Suite 3300
  Chicago, IL  60601
  Phone:  312.894-3200
  Fax:  312.894-3210
  Email: gamundsen@salawus.com
  Email: tlyman@salawus.com

  Andrew S. Friedberg, Esq.
  William P. Maines, Esq.
  FULBRIGHT & JAWORSKI, LLP
  1301 McKinney - Suite 5100
  Houston, TX 77010
  Phone: 713.651-5100
  Fax: 713.651-5246
  Email: afriedberg@fulbright.com
  Email: wmaines@fulbright.com

      */s/ Thomas R. Hill*
      Thomas R. Hill

CHICAGO\2517436.1
ID\TRH